535 A.2d 658

**Teresa J. MOWERY, Appellant,**

v.

**PRUDENTIAL PROPERTY & CASUALTY
INS. CO., Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 21, 1987.

Filed Jan. 4, 1988.

Petition for Allowance of Appeal Denied May 13, 1988.

Hubert X. Gilroy, Carlisle, for appellant.

Jeffrey B. Rettig, Harrisburg, for appellee.

Before CAVANAUGH, BROSKY and WATKINS, JJ.

CAVANAUGH, Judge:

The issue in this case is whether § 1714 of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1714, is constitutional. § 1714 provides:

§ 1714. Ineligible claimants

An owner of a currently registered motor vehicle who does not have financial responsibility or an operator or occupant of a recreational vehicle not intended for highway use, motorcycle, motor-driven cycle, motorized pedalcycle or like type vehicle required to be registered under this title cannot recover first party benefits.

The factual situation is not complex and the parties have stipulated to the facts. Teresa J. Mowery, the appellant and plaintiff below, was the registered owner of a 1976 Chevrolet Malibu passenger car which was not insured.[1] On March 23, 1986 the appellant was a passenger in a vehicle operated by John Calaman which was involved in an accident with a vehicle operated by Richard Scott. Mr. Scott died as a result of the accident and Mr. Calaman and the appellant were injured. The appellant incurred medical bills and lost wages as a result of the accident. She submitted a claim under 75 Pa.C.S.A. § 1713(a)(3) against the appellee, Prudential Property & Casualty Insurance Company, which insured Mr. Calaman. The claim was for first party benefits consisting of medical bills and work loss.[2] The appellee denied benefits under 75 Pa. § 1714 on the grounds that the appellant was the owner of a registered vehicle who did not have financial responsibility as defined by the Act.

Mowery filed a complaint for declaratory judgment in the court below requesting that § 1714 of the Motor Vehicle

1. Lack of insurance in this instance meant that Ms. Mowery did not have "financial responsibility" as defined in the Act at 1702 which states:

"Financial responsibility." The ability to respond in damages for liability on account of accidents arising out of the maintenance or use of a motor vehicle in the amount of $15,000 because of injury to one person in any one accident, in the amount of $30,000 because of injury to two or more persons in any one accident and in the amount of $5,000 because of damage to property of others in any one accident. *The financial responsibility shall be in a form acceptable to the Department of Transportation.* (Emphasis added.)

2. 75 Pa.C.S. § 1713(a)(3) provides:

§ 1713. Source of benefits

(a) General rule.—Except as provided in section 1714 (relating to ineligible claimants), a person who suffers injury arising out of the maintenance or use of a motor vehicle shall recover first party benefits against applicable insurance coverage in the following order of priority:

(1) For a named insured, the policy on which he is the named insured.

(2) For an insured, the policy covering the insured.

(3) *For the occupants of an insured motor vehicle, the policy on that motor vehicle.* (Emphasis added.)

Financial Responsibility Act be declared unconstitutional as applied to her. Prudential filed an Answer and New Matter. Subsequently, the appellant filed a motion for summary judgment which was denied and by order of January 13, 1987 the court below by Bayley, J. decided that § 1714 was constitutional. It further denied the appellant's Motion for Summary Judgment and entered summary judgment in favor of Prudential. In a proper case, summary judgment may be entered in favor of a non-moving party. *Port Authority of Allegheny County v. Flaherty,* 6 Pa.Cmwlth. 135, 293 A.2d 152 (1972); *Nationwide Mutual Insurance Co. v. DiTomo,* 330 Pa.Super. 117, 478 A.2d 1381 (1984). This appeal followed.

Lawfully enacted statutes are presumed to be constitutional. *Patton v. Republic Steel Corp.,* 342 Pa.Super. 101, 492 A.2d 411 (1985). One who challenges the constitutionality of an act, must demonstrate that the statute clearly violates the Constitution. *Cox Estate,* 327 Pa.Super. 479, 476 A.2d 367 (1984); *Daly v. Hemphill,* 411 Pa. 263, 191 A.2d 835 (1963). All doubts are resolved in favor of sustaining legislation. *Staino v. Commonwealth, Pennsylvania State Horse Racing Commission,* 98 Pa.Cmwlth. 461, 512 A.2d 75 (1986). With these precepts in mind, we shall consider the challenge to § 1714 which was based on an alleged denial of equal protection of the laws under the Fourteenth Amendment of the United States Constitution.[3]

The appellant claims that she was denied equal protection of the laws as the statute rendered her ineligible to collect first party benefits because she was the owner of a registered vehicle without financial responsibility, even though the vehicle was in no way involved in the accident. The concept of equal protection of the law requires that uniform treatment be given to persons who are similarly situated,

**3.** The Fourteenth Amendment to the Constitution of the United States provides in part:

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

and if there are classifications drawn, as in this case, as failure to have financial responsibility will exclude a person from benefits under the Act in certain circumstances, then the challenged provisions must be reasonably justified. *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147, 155 (1981).

In challenging the classification as unconstitutional as violative of equal protection, our Supreme Court has ruled that there are three different types of classifications calling for three different standards of judicial review. *James v. Southeastern Pennsylvania Transportation Authority*, 505 Pa. 137, 477 A.2d 1302 (1984). The Supreme Court stated at 505 Pa. 145, 477 A.2d 1305–6:

The first type—classifications implicating neither suspect classes nor fundamental rights—will be sustained if it meets a "rational basis" test. *Singer v. Sheppard* [464 Pa. 387, 346 A.2d 897 (1975)], *Id.* In the second type of cases, where a suspect classification has been made or a fundamental right has been burdened, another standard of review is applied: that of strict scrutiny. *San Antonio School District v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). Finally, in the third type of cases, if "important," though not fundamental rights are affected by the classification, or if "sensitive," though not fundamental rights are affected by the classification, or if "sensitive" classifications have been made, the United States Supreme Court has employed what may be called an intermediate standard of review, or a heightened standard of review. *U.S. Dept. of Agriculture v. Murry*, 413 U.S. 508, 93 S.Ct. 2832, 37 L.Ed.2d 767, 775 (1973) (concurring opinion of Mr. Justice Marshall), citing *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). There are, in summary, three standards of review applicable to an equal protection case, and the applicability of one rather than another will depend upon the type of right which is affected by the classification.

At the outset, then, we must determine what type of right the present classification affects ("fundamental

rights," "important rights," or rights which are neither "fundamental" nor "important"); whether the classification is suspect or involves a sensitive area; the state purpose in making the classification; and what type of relationship there is between the classification and the purpose of the classification.

In *Smith v. City of Philadelphia,* 512 Pa. 129, 516 A.2d 306 (1986) the Supreme Court summarized the three types of classifications as (1) classifications which implicate a suspect class or a fundamental right; (2) classifications implicating an "important", though not a fundamental right or a "sensitive" classification and (3) classifications which involve none of these. The court went on to state at 512 Pa. 138, 516 A.2d 311:

Should the statutory classification in question fall into the first category, the statute is strictly construed in light of a "compelling" governmental purpose; if the classification falls into the second category, a heightened standard of scrutiny is applied to an "important" governmental purpose; and if the statutory scheme falls into the third category, the statute is upheld if there is any rational basis for the classification.

In *Smith v. City of Philadelphia, supra,* the Supreme Court upheld the constitutionality of Section 8553 of the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8553, which limits recovery of damages against political subdivisions of the Commonwealth to $500,000 in the aggregate for legally cognizable tort injuries arising from the same transaction. The court held that the right to full recovery in cases brought against the Commonwealth is not a fundamental right and therefore strict scrutiny is not required. However, the right to full recovery is an important right requiring a heightened scrutiny of the validity of the classification statute. It was held that Section 8553 passes constitutional muster under the intermediate or heightened standard of review. The classifying statute was valid as the state has an important interest, the preservation of the public treasury against unusually large awards in tort. It

was held that this important interest is very closely related to the classification established by the statutory scheme.

In *James v. Southeastern Pennsylvania Transportation Authority, supra,* the court applied the intermediate standard of review in upholding the constitutionality of Section 2036 of the Metropolitan Transportation Authorities Act, then in effect, which imposed a requirement of giving notice to a governmental unit within six months from the date of an injury or the date of the accrual of the cause of action. The Supreme Court held that the statute in question was subject to a heightened scrutiny as an important right was involved, access to the courts to sue the Commonwealth, where it has consented to be sued. The purpose of the notice requirement is to provide the government with the opportunity to make timely investigations and avoid stale and fraudulent claims. The court held that there was an important governmental purpose served by the notice requirement and that the classification was so narrowly drawn as to be closely fitted to the statutory purpose.

In the case before us, the appellant concedes that entitlement to first party benefits under the Motor Vehicle Financial Responsibility Law is not a fundamental right and therefore the statute need not be strictly construed in light of governmental purpose.[4] However, she contends that § 1714 is subject to a heightened standard of scrutiny, whereas the court below applied the lowest standard or "rational basis" test. We agree with the trial court that the "rational basis" test is appropriate. The Motor Vehicle Financial Responsibility Law is a statute which provides for entitlement to economic benefits relating to losses incurred as the result of motor vehicle usage. It does not limit access to the courts by requiring prompt notice of an

4. The United States Supreme Court has stated the following concerning fundamental rights in *Plyler v. Doe,* 457 U.S. 202, 216 n. 15, 102 S.Ct. 2382, 2395, n. 15, 72 L.Ed.2d 786, 799, n. 15 (1982):

In determining whether a class-based denial of a particular right is deserving of strict scrutiny under the Equal Protection Clause, we look to the Constitution to see if the right infringed has its source, explicitly or implicitly, therein.

accident as in *Smith v. City of Philadelphia, supra,* nor does it impose a cap on the amount of recovery in a tort action as in *James v. Southeastern Pennsylvania Transportation Authority, supra.*

In the instant case, the appellant's access to the courts is in no way imperiled and she is free to pursue any claim that she might have in a civil action. In fact, the threshold of damages that existed under the No–Fault Act has now been abolished. That we should apply the less stringent "rational basis test" is illustrated by *Norris v. Wood,* 336 Pa.Super.Ct. 305, 485 A.2d 817 (1984), which considered an uninsured motorist's equal protection challenge to a provision of the No–Fault Act which provided that the Pennsylvania Assigned Claims Plan had a right to recover from an uninsured owner any money it paid to persons injured in an accident involving the uninsured owner's automobile. The No–Fault Act also provided that if the Assigned Claims Plan was not reimbursed by the uninsured motorist, then the uninsured motorist's motor vehicle registration and operator's license could be suspended. The Court held that the statutory provision satisfied the equal protection clause under the rational basis test.

In *Wallace v. Commonwealth, Unemployment Compensation Board of Review,* 38 Pa.Cmwlth.Ct. 342, 393 A.2d 43 (1978), the Commonwealth Court applied the rational basis test in the context of economic benefits statutes to classifications that operated to terminate unemployment benefits. Similarly, in *City of Philadelphia, Board of Pensions and Retirement v. Bordley,* 84 Pa.Cmwlth.Ct. 645, 481 A.2d 690 (1984), the court upheld a classification which terminated a widow's pension benefits.

*Cox Estate, supra,* involved a constitutional challenge based on equal protection to the classification of persons entitled to take under the intestate provisions of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. § 2103. The court again applied the rational basis test and stated at 327 Pa.Super. at 487, 476 A.2d at 371: "This deferential standard mandates only that the statutory classification be

'reasonable' and 'rest upon a difference having a fair and substantial relation to the object of the legislation.' "

The Act provided, in effect, that in the event of an intestacy, any relative of the decedent more distant than a first cousin would be excluded as a beneficiary and the estate would escheat to the Commonwealth. The goal to be achieved by limiting beneficiaries was to assure that the estate of one who died without a will is distributed in an orderly and efficient manner. This goal is achieved by a statute which limited relatives able to take by intestacy to those who share a common ancestor no more remote than the grandparent of the deceased. The interest of a relative in inheriting the estate, or part thereof, of a deceased relative who dies intestate, is at least of equal importance to the receipt of first party benefits under the Motor Vehicle Financial Responsibility Law. The court below properly applied the less stringent test in determining constitutionality.[5]

■ "Where a legitimate purpose has been established and a rational relationship between that purpose and the means chosen to foster it has been established, our inquiry whether the statute violates the equal protection clause is at an end." *Cox Estate,* 327 Pa.Super. at 489, 476 A.2d at 372. The purpose of the Motor Vehicle Financial Responsibility Law is to require owners of registered vehicles to be financially responsible, and the exclusions of persons from benefits under the Act, if they are not financially responsible by having automobile insurance, is clearly reasonable as it fosters the goal of promoting financial responsibility among motorists.[6] The appellant may not be heard to

5. § 1718 of the Act also creates another class of persons who are excluded from sharing in benefits. We are not concerned with § 1718 of the Act in this appeal, but merely point out that the class excluded from benefits is not limited to persons ineligible under § 1714.

6. 75 Pa.C.S. § 1786 provides:
§ 1786. Self-certification of financial responsibility
The Department of Transportation shall require that each motor vehicle registrant certify that the registrant is financially responsible at the time of registration or renewal thereof. The department shall refuse to register or renew the registration of a vehicle for

complain about her exclusion from benefits under a system of insurance to which she wilfully refused to participate by failing to obtain the insurance required by the Act.

 The appellant also presents the argument that even if the section of the Act in question is constitutional, and we find that it is, a reasonable interpretation of the reference to "registered motor vehicle" would be to limit the phrase to a vehicle involved in an accident or incident which triggers the individual's claim for first party benefits. However, the Act does not impose such a restriction and we may not add it. When the words of a statute are clear and free from ambiguity, the letter of the statute may not be disregarded under the pretext of pursuing its spirit. *Cooke v. Travelers Insurance Company*, 350 Pa.Super. 467, 504 A.2d 935 (1986).

The court below properly entered summary judgment in favor of Prudential. Pa.R.C.P. 1035(b) provides in part that summary judgment "... shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law ...". A motion for summary judgment should be granted where the pleadings, discovery and affidavits reflect no genuine issue of material fact. *Loyal Christian Benefit Association v. Bender*, 342 Pa.Super. 614, 493 A.2d 760 (1985); Pa.R.C.P. 1035(b). A summary judgment should only be entered in those cases which are clear and free from doubt. *Weiss v. Keystone Mack Sales, Inc.*, 310 Pa.Super. 425, 456 A.2d 1009 (1983). The court must accept as true all well-pleaded facts in the non-moving party's pleadings, and give the non-moving party the benefit of all reasonable inferences to be drawn therefrom. *Spain v. Vicente*, 315 Pa.Super. 135, 461 A.2d 833 (1983); *Metal Bank of America v. Insurance Company of North America*, 360 Pa.Super. 350, 520 A.2d 493 (1987).

failure to comply with this requirement or falsification or self-certification.

In the instant case, there was no issue at all concerning the facts as the parties stipulated to the facts and the appellee was entitled to judgment as a matter of law.

Judgment affirmed.