561 A.2d 1271

**Hope A. DeMICHELE, Administratrix of the Estate of Samuel B. DeMichele, Appellee,**

v.

**ERIE INSURANCE EXCHANGE, Appellant.**

Superior Court of Pennsylvania.

Argued May 25, 1989.

Decided July 21, 1989.

Marcia H. Haller, Erie, for appellant.

Craig A. Markham, Erie, for appellee.

Before OLSZEWSKI, MONTEMURO and KELLY, JJ.

OLSZEWSKI, Judge:

Erie Insurance Exchange ("Erie") appeals from an order entered by the Court of Common Pleas of Erie County granting appellee's motion for summary judgment and denying Erie's cross-motion for summary judgment.

On August 2, 1987, Samuel B. DeMichele ("decedent") was involved in a motor vehicle collision which resulted in his death. The decedent was a passenger in an automobile driven by a third party. At the time of his death, decedent resided with his parents and owned a registered but uninsured automobile.

Subsequently, Hope A. DeMichele ("DeMichele"), administratrix of decedent's estate, submitted her request for first-party benefits under the decedent's father's insurance policy which had been issued by Erie. The policy covered members of the decedent's father's residence. Erie denied this request, claiming that the decedent was ineligible under

Section 1714 of the Financial Responsibility Law because he had no source of liability coverage.

As such, DeMichele instituted an action against Erie, seeking to recover under the terms of the insurance contract. DeMichele then filed a motion for summary judgment. Following, Erie also filed a motion for summary judgment. Arguments were heard on said motions, whereupon the Honorable Richard L. Nygaard denied Erie's motion and granted DeMichele's motion.

Thereafter, DeMichele filed a petition for assessment of attorney's fees. This matter was reviewed by the Honorable James B. Dwyer, who entered an order assessing damages and awarding attorney's fees in conformance with the order which granted DeMichele's motion for summary judgment. Erie took exception to said order and filed the instant appeal.

On appeal, Erie contends that the trial court erred in: (1) denying its motion for summary judgment and granting DeMichele's motion for the same pursuant to § 1714 of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701 *et seq.;* and (2) awarding attorney's fees to DeMichele since there was a justifiable dispute between the parties and since Erie did not act unreasonably in denying first-party benefits to the decedent's estate.

In pertinent part, § 1714 of the Pennsylvania Motor Vehicle Financial Responsibility Law provides:

An owner of a currently registered motor vehicle who does not have financial responsibility ... cannot recover first party benefits.

The purpose of the act is to encourage all owners of registered vehicles to contribute to the burden of insurance before they can reap the benefits. *Allen v. Erie Insurance Co.*, 369 Pa.Super. 6, 534 A.2d 839 (1987).

Section 1702 defines financial responsibility as:

The ability to respond in damages for liability on account of accidents arising out of the maintenance or use of a motor vehicle in the amount of $15,000 because of injury to one person in any one accident, in the amount of

$30,000 because of injury to two or more persons in any one accident and in the amount of $5,000 because of damage to property of others in any one accident. The financial responsibility shall be in a form acceptable to the Department of Transportation.

Financial responsibility addresses one's ability to provide compensation in motor vehicle accidents. *Allen, supra.* Accordingly, the issue in the instant case is whether the decedent's failure to insure his registered automobile would preclude his estate from receiving first-party benefits where he may be covered under his father's insurance policy. In reviewing this issue, it must be noted that this Court will not disturb the findings of the trial court absent an abuse of discretion or error of law. *Ecksel v. Orleans Construction Co.,* 360 Pa.Super. 119, 519 A.2d 1021 (1987).

Admittedly, the decedent's father's policy covered the decedent under certain, but not all, circumstances. Specifically, the decedent was covered if he operated a vehicle listed in the declarations of the policy or if he operated a non-owned vehicle so long as the vehicle was not furnished for the insured's regular use and if the insured was using the vehicle with the owner's permission. Since the decedent's vehicle was not listed in the policy's declarations and since his vehicle was furnished for his regular use, the decedent would not be covered if he operated his own vehicle.

Accordingly, the issue becomes whether the decedent, who did not have financial responsibility for his own vehicle under the terms of his father's policy, should be considered to be eligible for first-party benefits pursuant to § 1714. In tackling this issue, DeMichele argues that since the decedent was not operating his vehicle when he suffered his fatal injuries, but was a passenger in a non-owned vehicle, he was financially responsible for purposes of § 1714. We disagree.

The statute was created to ensure that one may not receive first-party benefits unless he has the ability to provide them to another. To enforce this desired result, the statute clearly requires that the owner of a registered

vehicle insure the vehicle before he may be considered eligible for first-party benefits. *Mowery v. Prudential Property and Casualty Insurance Co.*, 369 Pa.Super. 494, 535 A.2d 658 (1988).[1] Instantly, DeMichele admits that the decedent's father's policy did not serve to insure the decedent's registered vehicle, and thereby did not provide the requisite financial responsibility. As such, the decedent's estate was not entitled to obtain first-party benefits. Accordingly, the trial court's decision must be reversed.

In accordance with our disposition of this issue, it follows that the trial court's decision to award DeMichele attorney's fees based on the determination that there was not a justifiable dispute must also be reversed. Section 1716 of the Pennsylvania Motor Vehicle Financial Responsibility Law provides that:

> Benefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the amount of the benefits. If reasonable proof is not supplied as to all benefits, the portion supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. Overdue benefits shall bear interest at the rate of 12% per annum from the date the benefits become due. *In the event the insurer is found to have acted in an unreasonable manner in refusing to pay the benefits when due, the insurer shall pay, in addition to the benefits owed and the interest thereon, a reasonable attorney fee based upon actual time expended.* (emphasis added).

Upon interpretation, the applicable portion of this statute dictates that where an insurer unreasonably fails to pay benefits to an insured when due, it must pay for the reasonable attorney's fees incurred by said insured.

Instantly, the trial court found that because it decided that Erie erred in failing to pay benefits to DeMichele, Erie

---

1. In essence, this statute serves to preclude the receipt of first-party benefits to any owner of a registered vehicle who has failed to obtain the requisite financial responsibility, regardless of the involvement of his or her automobile in the underlying incident. *Mowery, supra.* As a result, the constitutionality of the statute was challenged and upheld. *Id.*

acted in an unreasonable manner. As such, the trial court has interpreted this statute to provide that where an insurer's failure to pay is subsequently found to be in error, the insurer must pay the insured's attorney's fees. This Court respectfully disagrees with this interpretation.

■ Instead, we interpret the statute to provide that only where an insurer's failure to pay constitutes an unreasonable act which is clearly contrary to the terms of the policy and to Pennsylvania law, will the insurer be responsible for paying the insured's reasonably incurred attorney's fees. In effect, we have interpreted this portion of the statute to act as a penalty and deterrent for bad faith behavior.

■ When applied to the instant case, it is clear that Erie's failure to pay was not unreasonable since it was based upon the terms of the policy and the mandates of Pennsylvania law. As such, the trial court erred in concluding that Erie unreasonably denied coverage and in awarding attorney's fees to DeMichele. As a result, we reverse this decision as well.

Accordingly, we reverse the order of the trial court. Jurisdiction is relinquished.