**Pellot v. D&K Financial Corp.**

■■■■■■■■■■

■■■■■■■■■■

■■■■■■■■■■

*Joseph Di Giovanni,* for plaintiffs.
*James Moughan,* for defendant.

ROSENWALD, *J.,* January 28, 1991—This case comes before the court on a motion in limine filed by defendant. Defendant requests this court to preclude plaintiffs from introducing or referring to any evidence regarding special damages, in particular medical bills or wage losses.

This case arose out of a motor vehicle accident between Eleuterio Pellot and David Sperduto, which occurred on February 13, 1987. At the time of the accident, plaintiff, Eleuterio Pellot, was the owner of a registered motor vehicle but he did not have the requisite financial responsibility required by 75 Pa.C.S. §1701 et seq. Plaintiff William Ortiz was a passenger in the Pellot vehicle at the time of the accident. Ortiz, however, was the registered owner of an uninsured motor vehicle.

In the present action, liability and the alleged injuries are in dispute. The outstanding medical bills, lost wages and property damage of both plaintiffs are as follows:

### Eleuterio Pellot

| | |
|---|---|
| Medical Bills | $2,082.00 |
| Wage Loss | $1,533.84 |
| Property Damage | $1,110.65 |

### William Ortiz

| | |
|---|---|
| Medical Bills | $1,485.00 |

Counsel for defendant asserts that both plaintiffs are barred from recovering their first-party benefits

[medical bills and wage losses] because neither plaintiff is eligible to recover first-party benefits pursuant to sections 1714 and 1722 of the Motor Vehicle Financial Responsibility Law. Plaintiff, on the other hand, argues that neither plaintiff is barred from recovering first-party benefits under the Motor Vehicle Financial Responsibility Law.

## DISCUSSION

### A. Section 1714 of the Motor Vehicle Financial Responsibility Law

The issue before this court is whether section 1714 and section 1722 of the Motor Vehicle Financial Responsibility Law, hereinafter the act, prevents the owner of a registered uninsured motor vehicle from recovering his/her medical bills and wage loss (first-party benefits under the act) against a third-party tort-feasor. To answer this question, this court must examine the appropriate sections of the act in light of its legislative purpose.

The act specifically delineates between those claimants who are eligible to recover first-party benefits and those who are ineligible to recover first-party benefits. Section 1714 of the act states:

"An owner of a currently registered motor vehicle who does not have financial responsibility or an operator of a recreational vehicle not intended for highway use, motorcycle, motor-driven cycle, motorized pedacycle or like type vehicle required to be registered under this title cannot recover first-party benefits."

Section 1714 of the act has been interpreted to prohibit the registered owner of a motor vehicle from recovering first-party benefits from an insured third-party tort-feasor. This prohibition has been

challenged on constitutional grounds as a violation of the Equal Protection Clause of the 14th Amendment.

In *Mowery v. Prudential Property and Casualty Insurance Co.,* 369 Pa. Super. 494, 535 A.2d 658 (1988), the Superior Court of Pennsylvania was faced with the issue of whether section 1714 of the act denies equal protection of the law to individuals who have failed to obtain the requisite financial responsibility. The court answered in the negative and held:

"The purpose of Motor Vehicle Financial Responsibility Law is to require owners of registered vehicles to be financially responsible, and the exclusions of persons from benefits under the act, if they are not financially responsible by having automobile insurance, is clearly reasonable as it fosters the goal of promoting financial responsibility among motorists. *The appellant may not be heard to complain about her exclusion from benefits under a system of insurance to which she willfully refused to participate by failing to obtain the insurance required by the act."* *Mowery,* at 502-3, 535 A.2d at 663. (footnote omitted; emphasis supplied)

Furthermore, in *DeMichele v. Erie Insurance Exchange,* 385 Pa. Super. 634, 561 A.2d 1271 (1989), the Superior Court reasoned that any person who owns a registered motor vehicle which is required to be insured under the act is ineligible to receive first-party benefits, *regardless of the involvement of his or her automobile in the underlying incident.* In the case at bar, William Ortiz, as an allegedly injured *passenger,* falls into the class of individuals that the *DeMichele* court precluded from recovering first-party benefits. The preclusion of recovering first-party benefits is reasonable because such preclusion reduces the number of uninsured motorists

consuming the benefits of liability insurance without contributing toward their expense.

Preclusion under section 1714 is reasonable because it fosters the goal of promoting financial responsibility among motorists. Moreover, preclusion under section 1714 is in consonance with the purpose of the act. "The statute was created to ensure that one may not receive first-party benefits unless he has the ability to provide them to another." *DeMichele* at 637, 561 A.2d at 1273. Moreover, the preclusion is "designed to reduce the number of uninsured motorists consuming the benefits of liability insurance without contributing toward their expense." *Blair v. Travelers Insurance Co. et al.,* 21 Phila. Rep. 289, 292 (1990), quoting *Kresge v. Keystone Insurance Company,* 389 Pa. Super. 548, 567 A.2d 739 (1989).

In the case at bar, both plaintiffs are precluded from recovering first-party benefits [medical bills and wage losses] from defendant. Mr. Pellot and Mr. Ortiz, as owners of registered motor vehicles, were required to obtain the requisite financial responsibility. The failure of both plaintiffs to obtain the necessary financial responsibility has caused them to become ineligible claimants under section 1714 of the act.

### B. Section 1714 and Section 1722 of the Motor Vehicle Financial Responsibility Law

The next step in the analysis is to determine whether an ineligible claimant under section 1714 is precluded from introducing into evidence or recovering the amount of benefits paid or payable under section 1711 or section 1715(a) (1.1). Section 1722 states:

512

"In any action for damages against a tort-feasor arising out of the maintenance or use of a motor vehicle, a person who is *eligible to receive benefits under the coverage set forth in section 1711* (relating to required benefits) or the coverage set forth in section 1715(a)(1.1) (relating to the availability of adequate limits) shall be precluded from pleading, introducing into evidence or recovering the amount of benefits paid or payable under section 1711 or 1715(a)(1.1). This preclusion only applies to the amount of benefits set forth in section 1711 and 1715(a)(1.1)."*

Section 1722 operates to preclude an eligible claimant from the possibility of double recovery to the "extent of the minimum first-party benefits from an alleged third-party tort-feasor." *Reeder v. Young,* 48 D.&C. 3d 432, 433 (1988). While section 1722 precludes eligible claimants from pleading or proving benefits paid or payable under sections 1711 and 1715(a)(1.1), the act is *silent* as to whether an ineligible claimant, i.e., an uninsured motorist, may plead and prove all benefits which would have been paid under sections 1711 and 1715(a)(1.1).

A strict reading of the act would lead one to conclude that section 1722 only applies to *eligible claimants* rather than *ineligible claimants* as defined in section 1714; thus, preclusion under section 1722

---

* Section 1722 of the act was amended to read as follows:

"§1722. *Preclusion of recovering required benefits*

"In any action for damages against a tort-feasor, or in any *uninsured* or underinsured motorist proceeding . . . a person who is eligible to receive benefits under the coverage set forth in this subchapter . . . *shall be precluded from recovering* the amount of benefits paid or payable under this subchapter . . . or other arrangement for payment of benefits as defined in section 1719." 75 Pa.C.S. §1722, as amended by Act of February 7, 1990 (effective July 1, 1990).

is not applicable to the ineligible (section 1714) claimant. This view was adopted in *Gladfelter v. Robinson,* Adams County No. 86S34 and 86S732 (1986), and *Frye v. Pierrotti,* 49 Fayette L.J. 124 (1986). On the other hand, when construing an insurance statute, courts must apply a liberal interpretation to the statute and avoid a result which is contrary to the purpose of the statute. See generally, *Miller v. U.S. Fidelity and Guaranty Co.,* 304 Pa. Super. 43, 450 A.2d 91 (1982) (where court held that since insurance statutes are not among those types of statutes designated by the legislature as requiring strict construction, courts are to construe them liberally in order to effect their purpose.) 1 Pa. C.S. §1928(c).

When "construing a statute which is not explicit, we are required to presume that the General Assembly intended the entire statute to be effective, and that the General Assembly did not intend a result which is absurd or unreasonable." *Pennsylvania Public Utility Commission v. Commonwealth,* 23 Pa. Commw. 566, 574, 353 A.2d 887, 891 (1976). (footnote omitted) Moreover, when ascertaining the intention of the General Assembly in the enactment of a statute it is presumed that the General Assembly intends to favor the public interest as against any private interest. See 1 Pa.C.S. §1922(5); *Commonwealth v. Miller,* 469 Pa. 24, 364 A.2d 886 (1976). Therefore, this court must examine the rights of an individual who has willfully failed to obtain the requisite financial responsibility against the purpose of the Motor Vehicle Financial Responsibility Law.

When construing sections 1714 and 1722 of the act, this court is "required to presume that the General Assembly intended the entire statute to be effective, and that the General Assembly did not

intend a result which is absurd or unreasonable." *Pennsylvania Public Utility Commission v. Commonwealth, supra,* at 574, 353 A.2d at 891 (1976). Section 1722 when read in conjunction with the purpose of the act and the relevant statutes regarding the recovery of first-party benefits will not allow an ineligible claimant under section 1714 to plead or introduce into evidence his/her medical bills and wage losses merely because it is silent as to ineligible claimants. Allowing an uninsured motorist to plead, prove or introduce into evidence the amount of medical bills and wage losses would lead to an absurd result and be contrary to the purpose of the act.

The legislature intended to exclude ineligible claimants [uninsured registered owners of motor vehicles] from recovering first-party benefits [medical bills and lost wages] under section 1714. Based on the intention of the General Assembly, this court finds that an unreasonable and absurd result would occur if the courts would allow an ineligible claimant under section 1714 to prove, plead and introduce into evidence any medical bills or wage losses as the result of an automobile accident under section 1722, merely because section 1722 is silent as to ineligible claimants.

An absurd result would occur because an ineligible claimant would be allowed to plead, prove and introduce into evidence the very thing he is excluded from recovering against a third-party tortfeasor, his medical expenses and wage losses.

Therefore, this court finds that section 1722 of the Motor Vehicle Financial Responsibility Law does not allow an ineligible claimant under 75 Pa.C.S. §1714 to plead, prove or introduce into evidence his would be first-party benefits under section 1711 of the act [medical expenses, wage loss] during any part of the litigation process.

## CONCLUSION

Mr. Pellot and Mr. Ortiz as ineligible claimants are precluded from pleading, introducing into evidence or recovering the amount of benefits paid or payable under sections 1711 or 1715(a)(1.1) of the act. This ruling, however, does not limit the rights of either plaintiff because each plaintiff may still bring an action against defendant under any theory of liability.