**Privette v. UGI Corp.**

*Michael J. Rostolsky,* for plaintiff.
*James K. Thomas,* for defendant.

GEORGELIS, *J.,* January 27, 1992—Before the court are the plaintiff's and the defendant's cross-motions for summary judgment. A pre-trial conference was held on October 12, 1990, and the parties were directed to file a stipulation of facts, their motions and their briefs. In an order dated October 12, 1990, we set forth the issues which the parties identified as requiring adjudication. The motions were filed, and they were praeciped for disposition on October 18 and 24, 1991.

Set forth in the stipulation, the facts relevant to the disposition of these motions are as follows. On October 28, 1988, an accident occurred at the intersection of Pennsylvania Route 23 and Granger Road, Upper Leacock Township, Lancaster County, Pennsylvania, in which accident a motor vehicle, which was owned and used by the defendant, UGI Corp., struck a pedestrian, plaintiff Jeffrey Privette, a minor, who was then 8 years old. The accident resulted in bodily injury to Privette with medical expenses exceeding $75,000.

At the time of the accident, Cheryl Swift, the mother and legal guardian of Privette, was the owner of motor vehicles, which were registered in Pennsylvania but which were not insured and did not, therefore, meet the financial responsibility[1] requirement of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq.

---

1. "'*Financial responsibility*'—The ability to respond in damages for liability on account of accidents arising out of the maintenance or use of a motor vehicle in the amount of...." 75 Pa.C.S. §1702.

Summary judgment should be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law...." Pa.R.C.P. 1035(b). The court must view the evidence in the light most favorable to the non-moving party, and any doubts must be resolved against the entry of summary judgment. *Yaindl v. Ingersoll-Rand Co.,* 281 Pa. Super. 560, 422 A.2d 611 (1980).

Since the material facts have been placed before us by stipulation, they present no genuine issue and, since we believe summary judgment is warranted as a matter of law, we will enter it. For the reasons stated below, the plaintiff's motion will be granted, and the defendant's motion will be granted in part and denied in part.

As set forth in our order, the first issue is whether UGI must provide first-party benefits.[2] The plaintiff contends that he is entitled to first-party benefits in accord with (1) the terms of UGI's contract with its insurance carrier; and (2) the Law, specifically 75 Pa.C.S. §1713(a)(4). Title 75 Pa.C.S. §1713 (entitled "Source of benefits") provides:

"(a) *General Rule*—Except as provided in section 1714 (relating to ineligible claimants), a person who suffers injury arising out of the maintenance or use of a motor vehicle shall recover first-party benefits against applicable insurance coverage in the following order of priority:

"(1) For a named insured, the policy on which he is the named insured.

---

2. "First-party benefits" are medical benefits, income loss benefits, accidental death benefits and funeral benefits. 75 Pa.C.S. §1702.

"(2) For an insured, the policy covering the insured.

"(3) For the occupants of an insured motor vehicle, the policy on that motor vehicle.

"(4) For a person who is not the occupant of a motor vehicle, the policy on any motor vehicle involved in the accident...."

Section 1714 provides: "[a]n owner of a currently registered motor vehicle who does not have financial responsibility ... cannot recover first-party benefits." Since he is not an "owner,"[3] Privette contends that this section does not exclude him from recovering first-party benefits and that section 1713(a)(4) requires UGI to provide them.

UGI contends that section 1714 bars Privette's recovery, because his rights are derivative of the rights of Swift, an ineligible claimant. It contends further that Swift, who is legally responsible for paying the medical expenses of Privette, would benefit if Privette recovered first-party benefits under section 1713(a)(4) and that, because she has failed to provide financial responsibility on a registered motor vehicle, she should be precluded from passing on her legal responsibility.

The parties have referred us to case law, which involves section 1714, which has been interpreted to preclude recovery of first-party benefits by uninsured claimants when they are passengers in cars of uninsured motorists. See *Kresge v. Keystone Insurance Co.*, 389 Pa. Super. 548, 567 A.2d 739 (1989) (where plaintiff owned an inoperable, uninsured car, which was registered in her name) and

---

3. The Law does not define "owner," but it is defined in the "General Provisions" of the Vehicle Code as "[a] person, other than a lienholder, having the property right in or title to a vehicle...." 75 Pa.C.S. §102.

cases cited therein. The instant case is, however, factually distinguishable from these cases because it involves a minor plaintiff who is not an owner or a passenger.

The plaintiff also refers us to *Ibarra v. Prudential Property & Casualty Insurance Co.,* 402 Pa. Super. 27, 585 A.2d 1119 (1991), which, even though it is also factually distinguishable, interprets the Law's definition of "owner," which we must do in the motions before us. In *Ibarra,* the Superior Court held that a claimant-driver of an uninsured vehicle, which was titled solely in her estranged husband's name, was not that vehicle's owner and did not have a property interest in it; accordingly, she was not precluded from recovering first-party benefits under her insurance on a different vehicle.

The parties have not referred us to and we have been unable to uncover any case factually consistent with the one before us. Consequently, to resolve the issue of UGI's responsibility as to first-party benefits, we must interpret the applicable provisions of the Law.

We focus first upon section 1713(a)'s order of priority for the recovery of benefits, and we do not believe the first three sub-sections are applicable. The first allows a named insured to recover from a policy on which he is so named, but Privette does not so qualify. The second allows an insured to recover from a policy covering him. The Law defines "insured" as:

"Any of the following:

"(1) An individual identified by name as an insured in a policy of motor vehicle liability insurance.

"(2) If residing in the household of the named insured:

"(i) a spouse or other relative of the named insured; or

"(ii) a minor in the custody of either the named insured or relative of the named insured." 75 Pa.C.S. §1702.

Since Privette was not identified as an insured on any policy and since he was not a resident in the household of a named insured, this second sub-section is also inapplicable.

The third sub-section allows the occupant of an insured vehicle to recover from the policy on that vehicle, but, since Privette was not occupying any vehicle at the time he was injured, this is also inapplicable. The fourth subsection allows a person, who is not the occupant of a vehicle to recover from the policy on any vehicle involved in the accident. Privette was clearly not the occupant of a motor vehicle and could, therefore, recover from the policy on the UGI vehicle involved in the accident.

This, of course, leads us to the exclusionary language of the Law's section 1713, which language precedes the order of priority which we have already analyzed and which language precludes any recovery to an ineligible claimant, as defined in section 1714. As noted above, section 1714 prohibits recovery of first-party benefits by an owner of a registered motor vehicle for which he does not provide financial responsibility. Privette clearly does not meet the previously noted definition of an owner (see fn. 3), and we hold, accordingly, that the exclusionary language of section 1714 does not apply.

We recognize and share UGI's concern that our interpretation of the Law's sections 1713 and 1714 allows Swift to avoid a financial responsibility, i.e. the medical bills for her son's injuries, even though her failure to have her vehicles insured did not meet the financial responsibility provisions of the Law. We acknowledge that

the purpose of the Law is to require owners of registered vehicles to be financially responsible (see *Donegal Mutual Insurance Co. v. Long,* 387 Pa. Super. 574, 586, 564 A.2d 937, 943 (1989), *affirmed,* 528 Pa. 295, 597 A.2d 1124 (1991)) and to encourage all owners of registered vehicles to contribute to the burden of insurance before they can reap the benefits (see *DeMichele v. Erie Insurance Exchange,* 385 Pa. Super. 634, 636, 561 A.2d 1271, 1272 (1989)).

These concerns do not, however, permit us to ignore the clear meaning of the Law's sections 1713 and 1714. The Statutory Construction Act of 1972, 1 Pa.C.S. §1501 et seq., does not permit us to ignore that meaning. That Act's section 1921 mandates that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of [it is not to be] disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. §1921(b). See also *Mowery v. Prudential Property & Casualty Insurance Co.,* 369 Pa. Super. 494, 503, 535 A.2d 658, 663 (1988), *allocatur denied,* 518 Pa. 641, 542 A.2d 1370 (1988).

We believe that the exclusionary language of the Law's section 1714 and the priority language of its section 1713 are clear and free from all ambiguity. We will not, therefore, ignore this clarity in the name of fulfilling the Law's spirit. If individuals, situated similarly to Privette, are to be precluded from recovering from first-party benefits, we believe that the Pennsylvania Legislature must do so in clear and unambiguous language. We hold that UGI must provide Privette first-party benefits.

The second issue before us is whether UGI must pay interest and attorney's fees. In seeking them, Privette

relies on the Law's section 1716, which is entitled "Payment of benefits" and which provides:

"Benefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the amount of the benefits. If reasonable proof is not supplied as to all benefits, the portion supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. Overdue benefits shall bear interest at the rate of 12 percent per annum from the date the benefits become due. In the event the insurer is found to have acted in an unreasonable manner in refusing to pay the benefits when due, the insurer shall pay, in addition to the benefits owed and the interest thereon, a reasonable attorney fee based upon actual time expended." 75 Pa.C.S. §1716.

Even though we recognize that UGI's refusal to pay the first-party benefits involved in this case was based, in significant part, on its belief that doing so would effectively emasculate the requirement, under the Law, that the owners of registered vehicles in Pennsylvania display financial responsibility, we believe that its refusal was unreasonable in light of the ease by which the clear and unambiguous language of the Law's sections 1713 and 1714 can be ascertained. Accordingly, we hold that the plaintiff is entitled to interest and attorney's fees, pursuant to section 1716. We will direct counsel for the parties to make a diligent effort to mutually agree on the amounts of interest and attorney's fees to be paid and, if they are unable to do so, to schedule a hearing before us for that purpose.

The third and fourth issues, identified in our October 12, 1990, order, involved whether there is a $10,000 limi-

238

tation to first-party coverage and if this limitation had been preserved by UGI. We note that the plaintiff did not present an argument on these two issues, and we will, therefore, assume they are abandoned in favor of UGI's position.

Accordingly, we enter the following

## ORDER

And now, January 27, 1992, for all of the reasons stated in the foregoing opinion, the plaintiff's motion for summary judgment is granted, and judgment is entered in favor of the plaintiff and against the defendant in the amount of $10,000. The parties are directed to make a diligent effort to mutually agree on amounts for interest and attorney's fees. If they are able to do so, the court should be advised so that the amount of this judgment can be increased. If they are unable to do so, the parties are directed to schedule a hearing before us for that purpose.

The defendant's motion for summary judgment is granted in part and denied in part. To the extent it seeks not to pay first-party benefits, interest and attorney's fees, it is denied. To the extent it seeks a $10,000 limitation on first-party benefits, it is granted.