620 A.2d 1122

**Elizabeth M. HENRICH and Charles P. Getz, Appellees,**

**v.**

**HARLEYSVILLE INSURANCE COMPANIES, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 19, 1992.

Decided Feb. 19, 1993.

Zappala and Cappy, JJ., concurred in result.

Melinda Fisher Nowak, Lancaster, for appellant.

James C. Haggerty, Philadelphia, for amicus curiae Pennsylvania Defense Institute.

Soren P. West, Gaithersburg, MD, for appellees.

David M. Jakobi, Paoli, for amicus curiae Pennsylvania Trail Lawyers Ass'n.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This is an automobile insurance case. Appellee, Elizabeth M. Henrich, a passenger in her friend's uninsured motor vehicle, was injured when the vehicle veered off a road and struck a tree. At the time of the accident (October 2, 1986), Appellee Henrich herself owned a motor vehicle which was

registered with the Commonwealth of Pennsylvania, but was uninsured. Appellant, the Harleysville Insurance Company ("Harleysville"), had previously issued an automobile insurance policy to Ms. Henrich's father, Appellee Charles P. Getz. The insurance policy provided for uninsured motorist coverage and included the following language:

> We will pay damages which a *covered person* is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:
>
> 1. Sustained by a *covered person;*
>    and
> 2. Caused by an accident.
>
> The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the *uninsured motor vehicle.*

(Emphasis original). Ms. Henrich was clearly a "covered person" under the policy. She was a "family member" as defined in the policy and at the time of the accident she was residing with her father, Mr. Getz.

Ms. Henrich's claim for uninsured motorist benefits under her father's policy was rejected by Harleysville and Ms. Henrich sued. The trial court granted Harleysville's motion for judgment on the pleadings, but the Superior Court reversed and remanded for further proceedings on the grounds that the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 P.S. § 1701, *et seq.,* did *not* preclude Ms. Henrich from recovering uninsured motorist benefits under her father's insurance policy (as the trial court thought it did).

Harleysville argued that Section 1714 of the MVFRL and the underlying purpose of the law precluded Ms. Henrich from recovering any insurance benefits merely because she *owned* a registered but uninsured motor vehicle.

Section 1714 of the MVFRL provides:

> An owner of a currently registered motor vehicle who does not have financial responsibility or an operator or occupant of a recreational vehicle not intended for highway use, motorcycle, motor-driven cycle, motorized pedalcycle or like

type vehicle required to be registered under this title cannot recover *first party benefits.* (Emphasis added)

■ The policy of the statute is to encourage the purchase of insurance by denying coverage to those who do not. See, *Singer v. Sheppard,* 464 Pa. 387, 346 A.2d 897 (1975). The Superior Court, however, concluded that that policy was not vitiated by allowing recovery in this case. In return for the premiums paid by Mr. Getz, Harleysville agreed to provide uninsured motorist benefits to covered persons. The Superior Court concluded that Mr. Getz shared in the burden of procuring insurance by paying for covered persons. Moreover, the Superior Court found that nowhere in the MVFRL does it state that owners of uninsured, but registered motor vehicles may not recover *uninsured motorist benefits,* as opposed to first party benefits. *Henrich v. Harleysville Insurance Companies,* 403 Pa.Superior Ct. 98, 588 A.2d 50 (1991).

■ We granted allocatur because of the large number of cases in recent years that have arisen involving Section 1714. For the reasons set forth below, we affirm.

At 75 P.S. § 1702, the term "first party benefits" is defined as "[m]edical benefits, income loss benefits, accidental death benefits and funeral benefits." The MVFRL treats first party benefits separately from uninsured motorist benefits. First party benefits are addressed in Subchapter B of the statute, while uninsured motorist benefits are addressed in Subchapter C. Section 1714 is located in Subchapter B, and Subchapter C contains no similar exclusion. The Superior Court reasoned in the instant case that since § 1714 specifically states that owners of uninsured, but registered motor vehicles are precluded from recovering first party benefits, sound statutory construction based on the principle *expressio unius est exclusio alterius* (the express mention of one meaning in a statute implies the exclusion of other meanings), requires the conclusion that the legislature implicitly intended not to preclude that same class of claimants from recovering uninsured motorist benefits. While we can find no fault in the Superior

Court's logic, we think that the instant case can be disposed of on both narrower and more fundamental grounds.

The MVRFL replaced the former "no-fault" statute, P.L. 489, No. 176 (1974). The MVRFL was designed to deter people from failing to insure their vehicles more forcefully than the prior statute.[1] This is the purpose of Section 1714. If Ms. Henrich had been injured while operating her own uninsured but registered motor vehicle, we can see how it could at least be argued that the deterrent purpose of Section 1714 might be applied to her so as to prevent her from recovering under her father's insurance policy. However, those are not the facts in the instant case (and we express no opinion as to how we would decide this case if they were). Here, Ms. Henrich was hurt while a passenger in her friend's uninsured motor vehicle. It is hard to see how punishing a person like Ms. Henrich, or the threat of punishing her, would deter someone like her driver, an unrelated third party, from neglecting to procure auto insurance. Likewise, it is draconian to punish Ms. Henrich for failure to insure her own car when she was not injured in it or hurt by it. Indeed, she was not even driving it. We cannot attribute either such unrealistic or harsh motives to the legislature unless they were clearly spelled out. We hold that Section 1714 does not apply to Ms. Henrich because she was not operating *her own* uninsured motor vehicle at the time of the accident. For this reason, the decision of the Superior Court is affirmed.

LARSEN, J., did not participate in the consideration or decision of this case.

ZAPPALA and CAPPY, JJ., concur in the result.

---

1. See the Statement of Rep. Murphy, House Journal, Dec. 13, 1983, at p. 2148.