**Brandau  v.  Basinger  (No.  2)**

*Mark A. Givler,* for plaintiff.
*Paul D. Welch,* for defendant.

SAXTON, *P.J.,* January 11, 1995—

## FACTUAL BACKGROUND
## AND PROCEDURAL HISTORY

The factual and procedural background of this matter has been elaborated upon in prior opinions of the court. To summarize, plaintiff Penelope Brandau[1] and defendant were involved in a motor vehicle accident on July 12, 1990. When the accident occurred, plaintiff, the owner of a currently registered motor vehicle, did not have the financial responsibility required by the Pennsylvania Motor Vehicle Financial Responsibility Act. 75 Pa.C.S. §1701 et seq. As a result, the scope of plaintiff's action is limited to recovery of damages available under the limited tort option. Pursuant to 75 Pa.C.S. §1705(a)(5), persons covered under the limited tort option may seek recovery for all medical and out-of-pocket expenses, but not for pain and suffering or other nonmonetary damages unless the injuries fall within the definition of serious injury.

The matter presently before the court for disposition is defendant's motion in limine filed on November 23, 1994. In her motion, defendant seeks to preclude plaintiff from presenting evidence at trial relative to medical expenses and lost income.

## DISCUSSION

Defendant maintains that, pursuant to section 1714 of the MVFRL, plaintiff is statutorily precluded from

---

1. Plaintiff Edward Brandau was dismissed from the suit in an opinion and order filed December 4, 1992. Therefore, Penelope Brandau is the only remaining plaintiff.

recovering first party benefits. Section 1714 provides in pertinent part:

"An owner of a currently registered motor vehicle who does not have financial responsibility [insurance or coverage] ... cannot recover first party benefits."

Section 1702 defines first party benefits as "[m]edical benefits, income loss benefits, accidental death benefits and funeral benefits."

Based upon the clear language of section 1714, numerous appellate courts have held owners of uninsured, registered motor vehicles *cannot* recover first party benefits. See *Kresge v. Keystone Insurance Co.,* 389 Pa. Super. 548, 567 A.2d 739 (1989); *DeMichele v. Erie Insurance Exchange,* 385 Pa. Super. 634, 561 A.2d 1271 (1989); *Mowery v. Prudential Property & Casualty Insurance Co.,* 369 Pa. Super. 494, 535 A.2d 658 (1988); *Allen v. Erie Insurance Co.,* 369 Pa. Super. 6, 534 A.2d 839 (1987). In each of these cases, the Superior Court concluded:

"Section 1714 is free from *all* ambiguity; the conspicuous absence of *any* exceptions must be deemed to have been intentional; and, *in order to be eligible to receive first party benefits a person must have the required insurance on any and every vehicle currently registered in that person's name in Pennsylvania at the time of the accident in question." Accord Kresge, supra* at 551, 567 A.2d at 740. (emphasis in original)

In the above cases, the Superior Court also noted the consistency of its decisions with the legislative intent underlying the enactment of the MVFRL. In passing the act, the legislature was primarily concerned with the rising consumer cost of automobile insurance, created in part by the substantial number of uninsured motorists who contributed nothing to the pool of insurance funds from which claims were paid. *Mowery,*

*supra.* The act has the effect of requiring all owners of registered vehicles to share in the burden of insurance before they can obtain the benefits. *Allen, supra* at 10, 534 A.2d at 840-41. Therefore, the guideline in applying section 1714 is simply whether the vehicle has been registered with the Commonwealth, regardless of the involvement of his or her automobile in the underlying incident. *Mowery, supra* at 503, 535 A.2d at 663.

In the instant case, plaintiff admitted she owned a currently registered private passenger motor vehicle at the time of the accident and did not have financial responsibility required by the MVFRL.[2] This admission places plaintiff in the class of people who are not entitled to any first party insurance benefits. Plaintiff's assertion that section 1714 is inapplicable because she was operating *her own* uninsured motor vehicle at the time of the accident is without merit for reasons discussed above.

Moreover, plaintiff's reliance on *Henrich v. Harleysville Insurance Cos.,* 533 Pa. 181, 620 A.2d 1122 (1993) is misplaced. In *Henrich,* the Supreme Court upheld the Superior Court's determination that section 1714 did not prohibit a claim for *uninsured motorist benefits,* as opposed to first party benefits. *Id.* at 184, 620 A.2d at 1124. As a result, *Henrich* is factually and legally distinguishable.

Accordingly, this court resolves the controlling legal issue presented under section 1714 by finding plaintiff may not recover first party benefits, as matter of law, based upon her sworn admissions.

---

2. See plaintiff's answer to new matter filed on October 2, 1992, paragraph 12.

Regarding references to section 1722, the court finds arguments relying on this section of the MVFRL are also without merit. As noted by defendant, section 1722 serves as a ban on duplicate recovery of benefits. See *Carlson v. Bubash,* 432 Pa. Super. 514, 639 A.2d 458 (1994). This court, however, is not presented with such factual circumstances. Rather, the instant case is resolved by section 1714, and is not affected by section 1722.

Although no appellate courts have addressed the application and interrelationship of sections 1714 and 1722, the court finds support for its decision in two decisions by fellow common pleas courts.

First, in *Pellot v. D&K Financial Corp.,* 9 D.&C.4th 507 (1991), the court relied on the purpose of the MVFRL as defined by the court in *Mowery* and on the interpretation of section 1714 by appellate courts. When construing sections 1714 and 1722 in conjunction with the purpose of the act, the *Pellot* court concluded section 1722 will not allow an ineligible claimant under section 1714 to plead or introduce into evidence his/her medical bills and wage losses merely because it is silent as to ineligible claimants. *Pellot, supra* at 514. The court explained that to allow such an interpretation would lead to an absurd result and be contrary to the purpose of the act. *Id.*

Similarly, the court in *Reeder v. Young,* 48 D.&C.3d 432 (1988) held:

"It is inconceivable to us that the legislature would have intended that only those who fail to insure themselves would be able to recover the minimum section 1711 first-party benefits from a third-party tort feasor. We therefore hold that the phrase, 'person eligible to receive benefits' as used in section 1722 means persons

who are subject to the requirement that they purchase insurance." *Id.* at 434.

The *Reeder* court therefore held the phrase, "person eligible to receive benefits" as used in section 1722 to mean persons who are subject to the requirement that they purchase insurance.

In response, plaintiff cites *Gladfelter v. Robinson,* Adams County no. 86S34 and 86S762 (1987), as support for her argument that evidence of medical expenses and lost wages should be allowed. Like the above decisions, the court in *Gladfelter* indicated the purpose of the MVFRL was to deny benefits to those who do not pay into the automobile insurance system. *Id.* at 9. However, the court went on to adopt the view that preclusion under section 1722 is not applicable to the ineligible (section 1714) claimant. As a result, the court allowed the introduction of evidence of medical expenses and lost wages and pointed out that the plaintiff was not attempting to draw upon an insurance pool to which he had not contributed. *Id.* at 10. Instead, the plaintiff was suing a township and a corporation for maintenance of a tree limb. *Id.* at 1.

The court finds *Gladfelter* does not control the outcome of the instant case for several reasons. First, the case is factually distinguishable from the circumstances described above. Additionally, the decision of the *Gladfelter* court is based on a strict reading of the act which is contrary to the liberal interpretation afforded insurance statutes. See *Miller v. United States Fidelity and Guaranty Co.,* 304 Pa. Super. 43, 450 A.2d 91 (1982). The court's strict interpretation resulted in a decision contrary to the purpose of the MVFRL.

The court therefore concludes the *Pellot* and *Reeder* analyses to be consistent with its belief that the introduction of evidence of medical expenses and lost wages should be precluded since recovery of these damages is prohibited under section 1714.

## ORDER

It is hereby ordered defendant's motion in limine is granted. Plaintiff is prohibited from presenting evidence at trial concerning plaintiff's medical expenses and/or loss of wages.