**D'Andrea v. Armstrong**

*Stephen Levin,* for plaintiff.
*Andrew Moore,* for defendant.

HALBERT, *J.,* December 29, 1995—This matter was submitted to this court on briefs by each party for disposition.

The issue before this court is whether the Motor Vehicle Financial Responsibility Law precludes a family member residing with the owner of an uninsured motor vehicle from recovering non-economic damages against a third-party tort-feasor for injuries arising out of the use and maintenance of an automobile.

The parties have stipulated to the following facts:

On December 14, 1991, plaintiff was driving a car which was struck by a vehicle driven by defendant. Liability for the accident is not in dispute. At the time of the accident, plaintiff was driving a 1990 Hyundai which was registered in Pennsylvania to her mother, Elaine Katuran. This vehicle was not insured. Plaintiff claims that she is now entitled to maintain a full-tort recovery action for non-economic loss under the MVFRL §1705(b)(3) because she was not the registered owner of the uninsured Hyundai.

Defendant maintains that plaintiff is bound by the limited tort option pursuant to the MVFRL §1701 et seq. because she was a de facto owner of the uninsured motor vehicle. In addition, defendant argues that even if the court determines that she was not an "owner" of the vehicle, plaintiff should nevertheless be bound by the limited tort option pursuant to section 1705(b)(2). Under sections 1702 and 1705(b)(2), a relative residing with an owner of a currently registered vehicle is bound by the owner's tort election.

This court will first address the issue of de facto ownership.

Black's Law Dictionary defines owner as "[t]he person in whom is vested *the* ownership, dominion, or title of property." Black's Law Dictionary, Revised Fourth Edition (1968). (emphasis added) The Vehicle Code defines "owner" as "[a] person other than a lienholder, having *the* property right in or title to a vehicle." 75 Pa.C.S. §102. (emphasis added) The parties have stipulated that the vehicle in question was registered to plaintiff's mother, Elaine Katuran. Although not conclusive, title and registration are evidence of ownership. *Wasilko v. Home Mutual Casualty Company,* 210 Pa. Super. 322, 232 A.2d 60 (1967). In addition, plaintiff

testified that she did not pay to re-register the vehicle. Furthermore, plaintiff testified that her mother pays for all repairs to the car. Plaintiff did not purchase the vehicle and, in fact, did not even contribute any money towards its purchase.

Defendant argues that plaintiff had extensive use of the vehicle and that there were two sets of keys. Although these are factors to consider, these arguments do not rise to the level of de facto ownership. Accordingly, the court finds plaintiff was not the de facto owner of the Hyundai.

Defendant next argues that because plaintiff's mother, as owner of the uninsured vehicle, was deemed by operation of law to have chosen the limited tort option, plaintiff should be bound by that limited tort option pursuant to section 1705(b)(2) of the MVFRL.

The purpose of the Motor Vehicle Financial Responsibility Law is to require all owners of motor vehicles, which are required to be registered in this Commonwealth, to be financially responsible. *Mowery v. Prudential Property & Casualty Insurance Co.,* 369 Pa. Super. 494, 535 A.2d 658 (1988).

In the present case, defendant, Ms. Armstrong, through her counsel, argues that plaintiff should be bound by the limited tort option since she is a relative of an owner who is deemed to have chosen the limited tort by virtue of 75 Pa.C.S. §1705(a)(5).

The 1990 amendment of the act pursuant to 75 Pa.C.S. §1705(a)(5) provides:

"(5) An owner of a currently registered private passenger motor vehicle who does not have financial responsibility shall be deemed to have chosen the limited tort alternative."

In finding that plaintiff's mother has by operation of law chosen the limited tort alternative, the question becomes what effect does that choice have on her daughter who resides with her. 75 Pa.C.S. §1705(a) *"limited tort" option* states:

"(A) *'Limited tort' option*—The laws of the Commonwealth of Pennsylvania give you the right to choose a form of insurance that limits your right and the right of members of your household to seek financial compensation for injuries caused by other drivers. *Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses, but not for pain and suffering or other nonmonetary damages unless the injuries suffered fall within the definition of 'serious injury' as set forth in the policy or unless one of several other exceptions noted in the policy applies.* The annual premium for basic coverage as required by law under this 'limited tort' option is $          . Additional coverages under this option are available at additional cost." (emphasis added)

In the recently decided Superior Court case of *Berger v. Rinaldi,* 438 Pa. Super. 78, 651 A.2d 553 (1994), the court held that the full-tort option elected by plaintiff's parent was *imputed* to plaintiff, even though he owned an uninsured motor vehicle not involved in the accident. In that case, the plaintiff who resided with his mother at the time of the accident was driving his mother's vehicle in which she had elected the full-tort option.

The Superior Court held the following:

"Applying section 1705(b)(2) to the facts of this case, we find that Berger is not precluded from pursuing recovery for any/all non-economic losses. The parties stipulated that: under the terms of his mother's auto-

mobile policy, Berger was an 'insured' for all intents and purposes; Berger's mother elected the full tort alternative; and Berger was not a named insured under any other policy of insurance. *Under the plain meaning of section 1705(b)(2), therefore, the full tort option elected by mother was imputed to Berger.* At the time of the accident, Berger was financially responsible as a resident/relative insured under his mother's policy. As such it is not appropriate to apply the mandates of section 1705(a)(5) to situations where, as here, the vehicle involved in the accident is an 'insured' vehicle and the driver is an insured and financially responsible individual. On the other hand, if Berger had been driving his currently registered, but uninsured, automobile at the time of the accident, section 1705(b)(2) would not apply, and section 1705(a)(5) would clearly prohibit him from recovering for any non-economic loss." (emphasis added) *Id.* at 87-88, 651 A.2d at 557.

In following the rationale set forth in *Berger,* and finding that plaintiff's mother has by operation of law chosen limited tort the question becomes does section 1705(b)(2) or section 1705(b)(3) become the operable statute.

Plaintiff contends section 1705(b)(3) should apply and defendant argues section 1705(b)(2) is applicable. 75 Pa.C.S. §1705 election of tort option provides:

*"Section 1705(b) Application of tort options.—*

"(1) The tort option elected by a named insured shall apply to all private passenger motor vehicle policies of the named insured issued by the same insurer and shall continue in force as to all subsequent renewal policies, replacement policies and any other private passenger motor vehicle policies under which the individual is a named insured until the insurer, or its authorized

representative, receives a properly executed form electing the other tort option.

"(2) The tort option elected by a named insured shall apply to all insureds under the private passenger motor vehicle policy who are not named insureds under another private passenger motor vehicle policy. In the case where more than one private passenger motor vehicle policy is applicable to an insured and the policies have conflicting tort options, the insured is bound by the tort option of the policy associated with the private passenger motor vehicle in which the insured is an occupant at the time of the accident if he is an insured on that policy and bound by the full tort option otherwise.

"(3) An individual who is not an owner of a currently registered private passenger motor vehicle and who is not a named insured or insured under any private passenger motor vehicle policy shall not be precluded from maintaining an action for non-economic loss or economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law."

Plaintiff's position is that section 1705(b)(3) of the Motor Vehicle Financial Responsibility Law expressly permits plaintiff to recover non-economic damages where the "individual who is not an owner of a currently registered private passenger motor vehicle and who is not a named insured or insured under any private passenger motor vehicle policy shall not be precluded . . . ."

The definition of *insured* under section 1705(f) is:

" *'Insured.'* Any individual residing in the household of the named insured who is: (1) a spouse or other relative of the named insured . . .

"(i) a spouse or other relative of the named insured; or

"(ii) a minor in the custody of either the named insured or relative of the named insured."

In the present case, at the time of the accident, plaintiff resided in the same household as her mother. At some point prior to the accident on December 14, 1991, plaintiff's mother, Elaine Katuran, had chosen the limited tort option with State Farm Insurance Company and thereafter had let the insurance lapse.

It is clear that section 1705(b)(2) addresses the applicability of the tort option elected by a named insured to other relatives living in the same household. See *Berger v. Rinaldi, supra.*

In reviewing all of the pertinent provisions of the MVFRL and considering the public policy behind the enactment of the MVFRL, it is the opinion of this court that defendant's second argument becomes most persuasive.

Therefore, it is the finding of this court that plaintiff's right to recover non-economic damages is limited by the tort option elected by her mother, (limited tort) whom plaintiff was living with and whose uninsured vehicle plaintiff was driving at the time of the accident.