567 A.2d 739

Sandra May KRESGE, Appellee,

v.

KEYSTONE INSURANCE COMPANY, Appellant.

Sandra May KRESGE, Appellant,

v.

KEYSTONE INSURANCE COMPANY, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 21, 1989.

Filed Dec. 22, 1989.

Howard A. Rothenberg, Scranton, for appellant in No. 1115 and appellee in No. 1116.

Frank T. Blasi, Scranton, for appellant in No. 1116 and appellee in No. 1115.

Before TAMILIA, KELLY and CERCONE, JJ.

KELLY, Judge:

The issue presented in this appeal is whether 75 Pa.C.S.A. § 1714 barred recovery of first party benefits, as a matter of law, by a party who claimed to no longer possess an inoperable, uninsured vehicle, which nonetheless remained registered in that party's name in Pennsylvania at the time of the accident from which the benefits claim arose. We find that recovery was barred.

The relevant facts and procedural history are as follows. On January 10, 1987, Sandra Mae Kresge ("Kresge") was seriously injured in an accident while riding as a passenger in an automobile insured by Keystone Insurance Company ("Keystone"). The insurance policy provided up to fifty thousand dollars in first party benefits to any passenger injured while riding in an insured automobile. Kresge applied to Keystone for first party benefits under the insured's policy. Keystone denied Kresge's claim stating that because Kresge was the owner of an uninsured registered vehicle she was ineligible under 75 Pa.C.S.A. § 1714 to recover first party benefits. Kresge then filed this suit against Keystone challenging the denial of her claim by Keystone.

In sworn deposition testimony, Kresge indicated that she had purchased and registered a used car in her name in 1985. She also indicated that she had secured the required

insurance coverage for that vehicle at the time of its purchase. Kresge admitted, however, that despite the fact the vehicle remained registered in her name, she had allowed her insurance to lapse. She claimed, by way of justification for allowing the insurance to lapse, that several mechanical problems had arisen with the car, she had stopped driving it, and she had taken it to a junkyard prior to the date of the accident from which her claim for first party benefits arose. (*See* N.T. 3/23/88 at 8–14).

Both sides filed motions for summary judgment. Keystone argued that, even assuming for the sake of the argument that the uninsured vehicle registered in Kresge's name at the time of the accident was both inoperable and out of Kresge's possession, Kresge was nonetheless barred from recovery of first party benefits under the clear mandate of 75 Pa.C.S.A. § 1714, as a matter of law. Kresge responded that Section 1714 was not intended to apply to cases such as hers, and that if Section 1714 did not bar recovery, she was entitled to summary judgment on the basis of her "uncontradicted" averments.

The trial court denied both parties' motions for summary judgment. However, the trial court stated in its order that Kresge *may* be eligible for first party benefits. Later, the trial court amended its order, certifying the Section 1714 issue as a controlling issue of law for an immediate interlocutory appeal under 42 Pa.C.S.A. § 702(b). This Court granted the parties permission to appeal from that interlocutory order. These timely consolidated appeals followed.

The primary issue presented is whether the terms of 75 Pa.C.S.A. § 1714 should be construed to *require* the denial of first party benefits to a party who neither operated nor possessed an inoperable, uninsured vehicle, which nonetheless remained registered in that party's name at the time of the accident from which a claim for first party benefits is brought. In order to decide this issue we must look to the pertinent part of 75 Pa.C.S.A. § 1714 which provides:

*An owner of a currently registered motor vehicle* who does not have financial responsibility [insurance or coverage] ... *cannot* recover first party benefits.

75 Pa.C.S.A. § 1714. (Emphasis added). The plain, unqualified language of the statute plainly precludes recovery of the benefits sought.

Previous attempts by first party benefit claimants to evade the ineligibility mandate of Section 1714 by asserting unwritten but purportedly intended exceptions to Section 1714 for inoperable uninsured vehicles and for uninsured vehicles not involved in the accident from which the benefit claim arose have been unequivocally rejected. *See De-Michele v. Erie Insurance Exchange* 385 Pa.Super. 634, 561 A.2d 1271 (1989); *Mowery v. Prudential Property and Casualty Insurance Co.,* 369 Pa.Super. 494, 535 A.2d 658 (1988); *Allen v. Erie Insurance Co.,* 369 Pa.Super. 6, 534 A.2d 839 (1987). In each of these cases we found that: Section 1714 is free from *all* ambiguity; the conspicuous absence of *any* exceptions must be deemed to have been intentional; and, *in order to be eligible to receive first party benefits a person must have the required insurance on any and every vehicle currently registered in that person's name in Pennsylvania at the time of the accident in question.* The suggestion of an unwritten but purportedly intended exception to the unambiguous terms of Section 1714 is no more tenable here than were the similar suggestions soundly rejected in *DeMichele, Mowery,* and *Allen.*

Our current financial responsibility requirements are premised on a belief that the expense of automobile liability insurance to the premium paying public throughout Pennsylvania would be reduced and be more fairly distributed by implementing legislative measures including Section 1714, designed to reduce the number of uninsured motorists consuming the benefits of liability insurance without contributing toward their expense. The exceptions suggested here, like those suggested in *DeMichele, Mowery,* and *Allen,* could foreseeably all but eliminate the intended bene-

fits of the statute by rendering it problematically ambiguous, and by providing limitless opportunities for fraud. Two considerable difficulties are immediately apparent. First, what *degree* of inoperability or *degree* of dispossession would be required to bring a case within the suggested exceptions? Second, how would an insurance company *know*, let along *prove*, *when* possession was transferred or *when* a car became inoperable? The expense of the litigation spawned by such ambiguities and opportunities *alone* could remove the desired economic benefit—not to mention the expense attributable to the premium avoidance which would result. Fortunately, our legislature has included no such ambiguities, and has provided no such opportunities for fraudulent non-premium paying claimants to reach through such holes in insurance companies' mythical "deep pockets" to steal from the premium paying public.

Kresge may in fact have genuinely transferred her inoperable, uninsured vehicle to the junkyard before the accident in question. *We in no way suggest fraud on Kresge's part.* Indeed, for the purpose of this appeal we assume her averments were true and provable. Nonetheless, our financial responsibility law was written to ensure reciprosity and prevent fraud *in the aggregate of cases*, and in that respect the unqualified ineligibility mandate of Section 1714 is both rational and reasonable.

By the clear and unambiguous terms of Section 1714, the *only* way a vehicle owner can be absolved of the responsibility to insure a vehicle registered in that person's name, whether or not the vehicle remains operable or even in that person's possession, is to have the registration of the vehicle properly terminated or transferred. *See* 75 Pa.C.S.A. §§ 1117, 1334 *et seq. A person may not receive first party benefits in Pennsylvania if at the time of the accident for which such benefits are claimed that person had any vehicles registered in Pennsylvania in that person's name which were not insured as required. There are no exceptions.*

Accordingly, we resolve the controlling issue of law presented by concluding that Kresge may not recover first party benefits, as a matter of law, based upon her sworn admissions. The case is remanded for proceedings consistent with this Opinion.

Jurisdiction is relinquished.