GOODHEART, J.,
This matter has been submitted to this court to be decided on briefs alone, certain facts having been stipulated by the parties. The sole question to be answered is whether plaintiff, Robert Blair Jr., is entitled to uninsured motorist benefits through the Pennsylvania Financial Responsibility Assigned Claims Plan under the Motor Vehicle Financial Responsibility Law for injuries sustained in an accident which occurred on November 22, 1986. For the reasons stated below, we find that he does not qualify under the act.

Factual Background

The facts as stipulated are as follows. On November 20, 1986, at approximately 7 p.m., plaintiff was injured in a motor vehicle accident on the Schuylkill Expressway in Philadelphia, Pennsylvania. According to his deposition testimony, plaintiff was standing in front of the car in which he had been a *158 passenger, and was looking at the engine in an effort 'to determine the cause of the car trouble he and the driver of the car had been experiencing. Although the details of the accident are not clear, it is agreed that a second unidentified car hit plaintiff and/or the car by which he was standing thereby causing plaintiff serious injuries from which he has not yet fully recovered.
The hit-and-run driver was never identified. The car in which plaintiff had been a passenger was a 1983 Chevrolet Camaro registered to Ajadre Williams and/or Ronnie Williams in either South Carolina or Georgia; it was not registered in Pennsylvania. After reasonable investigation by all parties, no insurance coverage for the Camaro was discovered. The parties have stipulated that the vehicle was uninsured.
On the date of the accident plaintiff was the owner of an unregistered and uninsured 1978 Plymouth Sapporo which had been titled in Pennsylvania. Plaintiff alleges that the motor vehicle was inoperable and that is why he let the registration lapse on July 31, 1986. Plaintiff was, at all times relevant hereto, a resident of Pennsylvania.
On February 6, 1987, plaintiff applied for benefits from the plan. The plan assigned plaintiff’s application for benefits to Travelers Insurance Company for the purpose of investigating and evaluating plaintiff’s claims. By letter dated April 22, 1987, Travelers denied plaintiff’s application for benefits on the ground that he owned a motor vehicle at the time of the accident. Travelers offered to reopen the file if plaintiff could establish, either through a junk title or a bill of sale, that he had disposed of the car prior to the accident.

*159
The Assigned Claims Plan

The Pennsylvania Financial Responsibility Assigned Claims Plan is an insurers’ organization which administers limited statutory benefits to certain eligible claimants pursuant to Subchapter E of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1751 et seq. The purpose of the plan was to provide some limited insurance coverage for those victims of motor vehicle accidents who would otherwise have no coverage at all, such as pedestrians hit by a car or passengers in uninsured vehicles who are persons not required to have their own insurance, such as those who do not have cars.
The requirements for eligibility under this sub-chapter are enumerated in 75 Pa.C.S. §1752. Failure to meet any one requirement renders a claimant ineligible for benefits under the plan. Section 1752(a)(3) states, in part:
“§1752. Eligible Claimants
“(a) General rule — A person is eligible to recover benefits from the Assigned Claims Plan if the person meets the following requirements:
“(3) Is not an owner of a motor vehicle required to be registered under Chapter 13 (relating to registration of vehicles).”
This requirement parallels the eligibility requirements for first-party benefits under subchapter A of the act. Specifically, section 1714 excludes an owner of a currently registered vehicle who does not have his own insurance from collecting benefits. This exclusion is “designed to reduce the number of uninsured motorists consuming the benefits of liability insurance without contributing toward their expense,” and is “premised on a belief that the expense of automobile liability insurance to the premium paying public would be reduced and be *160 more fairly distributed.” Kresge v. Keystone Insurance Company, 389 Pa. Super. 548, 567 A.2d 739 (1989).
Cases decided under section 1714 have repeatedly held that whether a car is “operable” or “inoperable” is irrelevant. The statute is unambiguous. To allow for an “inoperability” exception would be to create grounds for litigation on that issue alone in every case as well as to provide a limitless opportunity for fraud. See Kresge, supra, cf. Allen v. Erie Insurance Co., 369 Pa. Super. 6, 534 A.2d 839 (1987). The exclusion of section 1752 is even broader than that of section 1714. Whereas section 1714 excludes owners of currently registered vehicles, section 1752 excludes owners of vehicles which are required to be registered. Hence one cannot become eligible for benefits under the plan merely by allowing one’s automobile registrations to lapse. For the reasons discussed with regard to section 1714, we find no basis for creating an “inoperability” exception in contradiction of the clear language of the statute.

Discussion

Plaintiff has stipulated that he owned a motor vehicle on the date of the accident at issue here. We find that his vehicle was of the type required to be registered under Chapter 13, relating to the registration of vehicles. We decline to hold an evidentiary hearing on whether his vehicle was operable or not as such a determination is irrelevant under the act. We also find that Travelers acted responsibly in giving plaintiff time in which he could establish that his car had been either transferred or junked. In light of the clear language of the statute we hold that plaintiff is ineligible for benefits under the plan.
*161 Although other issues have been raised by the parties, such as whether plaintiff was a “passenger” at the time of the accident because he was outside of the car, and what the impact of the out-of-state registration of the Camaro has on eligibility under the act, these need not be reached. All the requirements of section 1752 must be met in order to create eligibility under the plan. Since plaintiff clearly does not meet the requirement set forth in section 1752(a)(3), he cannot qualify for any benefits under the plan.
CONCLUSION
For the reasons stated above, we find that plaintiff, Robert Blair Jr., does not qualify for any benefits under the Assigned Claims Plan of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1751 et seq.