## Rice v. Traveler's Insurance Co.

*Joseph J. DiGiovanni,* for plaintiff.
*Michael Senoyuit III,* for defendant.

HERRON, *J.,* December 10, 1992 —

This opinion is submitted in support of this court's contemporaneous order, dated December 10, 1992, finding in favor of Traveler's Insurance Company and the Pennsylvania Assigned Claims Plan and against Doris Rice.

### BACKGROUND[1]

On October 22, 1982, Doris Rice purchased a 1970 Ford, and registered that car with the Department of Motor Vehicles in Harrisburg, receiving tag number EPJ224. Approximately one year later, Rice allowed the registration to lapse.[2] Sometime in 1985, Rice allegedly signed the title of the Ford over to her son, who never registered the car and allegedly discarded it sometime in 1986. This transfer was not executed before a notary public. The

---

1. The testimony of Ms. Rice was submitted to the court by stipulation.
2. It appears from DMV abstracts that the Ford was never again registered.

title to the motor vehicle was allegedly lost as well. Rice is still the owner of the Ford according to DMV abstracts.

On January 27, 1988, Rice was injured in an automobile accident. The car which injured Rice was uninsured and Rice sued for uninsured motorist benefits from the Pennsylvania Financial Responsibility Assigned Claims Plan, in accordance with the Motor Vehicle Financial Responsibility Act. The plan designated Travelers Insurance Company as the security for plaintiff's claim.

Defendant Travelers moved for summary judgment, which motion was denied by the Honorable Ethan Allen Doty on December 21, 1989.[3] The case proceeded to arbitration on March 7, 1990, where the panel found against Rice and for Travelers. Rice appealed that award. The appeal resulted in a non-jury trial before this court on November 6, 1992.

The only issue presented to this court is whether Rice is entitled to uninsured motorist benefits. Defendant contends that Rice is not because she cannot produce documentary evidence proving she does not own a vehicle which should be registered. Rice's response is that her failure to produce documentation of her transfer of the Ford to her son and the car's subsequent destruction does not destroy her claim, as her testimony to the facts above, if believed, would prove she did not own a vehicle which should have been registered.

Defendants argue that taking Rice's position would destroy the policy underpinnings of the Assigned Claims Plan. That argument includes the proposition that every

---

3. The issues presented there were the same as those presented here.

plaintiff who is ineligible for UMB because of her ownership of a vehicle which should be registered will try to evade disqualification by claiming to have transferred title to the vehicle to someone else. If taken as true, the logical outcome of such a trend would be the award of UMB to many ineligible people and, thereby, the eventual failure of the Assigned Claims Plan. Plaintiff responds that she should not be disqualified from recovery for serious injuries merely because of her present inability to produce a document showing the legal transfer of her automobile some seven years ago.

## DISCUSSION

Travelers argues that Rice is ineligible for UMB because she does not meet the statute's requirements. The specific provision involved to is 75 Pa.C.S. §1752(a)(3) which provides:

"(a) *General Rule*—A person is eligible to secure benefits from the Assigned Claims Plan if the person meets the following requirements:

"(3) Is not the owner of a motor vehicle required to be registered under Chapter 13."

This unambiguous statute clearly denies UMB to an owner of an unregistered automobile. The phrase "required to be registered" in §1752(a)(3) includes "all vehicles not exempted from registration under 75 Pa.C.S. §1302." *Blair v. Travelers Insurance Company,* No. 02353 Phila. 1991 (Pa.Super. 5/13/92), slip op. at 5. The Superior Court in *Blair* held that inoperable vehicles are not exempt from registration and, therefore, ownership of an inoperable, unregistered car disqualified the plaintiff from receiving UMB. *Id.* at 5-6.

Defendant argues that the issue of ownership should be determined by 75 Pa.C.S. §1111, which provides:

"(a) Duty of transferor.—In the event of the sale or transfer of the ownership of a vehicle within this Commonwealth, the owner shall execute an assignment and warranty of title to the transferee in the space provided on the certificate or as the department prescribes, sworn to before a notary public or other officer empowered to administer oaths, and deliver the certificate to the transferee at the time of the delivery of the vehicle.

"(b) Duty of transferee.—Except as otherwise provided in §1113 (relating to transfer to or from manufacturer or dealer), the transferee shall, within ten days of the assignment or reassignment of the certificate of title, apply for a new title by presenting to the department the properly completed certificate of title, sworn to before a notary public or other officer empowered to administer oaths, and accompanied by such forms as the department may require.

"(c) Penalty.—Any person violating subsection.

"(a) Shall be guilty of a summary offense and shall, upon conviction, be sentenced:

"(1) For a first offense, to pay a fine of $100.00.

"(2) For a subsequent offense, to pay a fine of not less than $300.00 nor more than $1,000.00." 75 Pa.C.S. §1111 (1984).

This statute makes it a summary offense to transfer title to a vehicle without appearing before a notary. Additionally, the transferee will not be granted a title to an automobile if the transfer was not conducted under the supervision of a notary.

The duty of applying for a new title and removing the transferor's name from DMV ownership abstracts is on the transferee. §1111(b). However, unless the transferor complies with the statute by executing the transfer before a notary, the transferee is unable to retitle the vehicle. §1111(a). The transferor's duty to execute the transfer before a notary public is thus a condition precedent to the transferee's duty to retitle. Rice conceded her failure to comply with the notary requirement.

In *Kresge v. Keystone Insurance Company,* 389 Pa. Super. 548, 567 A.2d 739 (1989), the Superior Court addressed the same issue in regard to first party benefits claimed by an injured party. In *Kresge,* the plaintiff claimed to have junked her registered, albeit uninsured car, without canceling her registration or title. *Id.* at 550, 567 A.2d at 739-40. The court had to construe 75 Pa.C.S. §1714, which precludes award of first party benefits to *"[a]n owner of a currently registered motor vehicle." Id.* at 551, 567 A.2d at 740. (emphasis in original) In barring the plaintiff's claim, the *Kresge* court concluded that the financial responsibility laws were designed to "prevent fraud *in the aggregate of cases,"* and thus the plaintiff's assertions that the car was junked could not be considered. *Id.* at 552, 567 A.2d at 741 (emphasis in original). The *Kresge* court stated that "the *only* way a vehicle owner can be absolved of the responsibility to insure a vehicle registered in that person's name, whether or not the vehicle remains operable or even in that person's possession, is to have the registration of the vehicle properly terminated or transferred." *Id.* (emphasis in original)

The *Kresge* rationale applies to the instant case. In making vehicle owners ineligible for UMB, the legislature intended to spread the risks and cost of UMB to all vehicle owners. See *Kresge* at 551, 567 A.2d at 740-41. To fully effectuate this goal, the term "owners" in §1752(a)(3) should be read to include all those who are listed at DMV as owners of vehicles required to be registered.

Where the transfer was executed before a notary public and the transferee failed to apply for a new title as required by §1111(b), this court's analysis would be different: the DMV abstract of ownership would give rise to a rebuttable presumption of ownership.[4] In that situation, the transferor has properly passed ownership on and should be allowed to escape the consequences of the transferee's failure to retitle.

## CONCLUSION

Because Rice, by her own admission, failed to properly pass ownership of the Ford on to the buyer, she made it impossible for the buyer to acquire title. This court cannot approve the transfer of an automobile where there is no compliance with the statutory requirements for transfer. Such a transfer is invalid on its face. Thus, this court holds that for purposes of determining ownership for 75 Pa.C.S. §1752(a)(3) a transfer in violation of 75 Pa.C.S. §1111 does not terminate the transferor's ownership of an automobile. Therefore, Rice is the owner of an automobile required to be registered and is ineligible for uninsured motorists benefits.

---

4. What evidence, whether testimony or documents, would be allowed to rebut the presumption is not a decision before the court.

## ORDER

And now, December 10, 1992, after non-jury trial and for the reasons set forth in the concurrently filed opinion, it appearing that plaintiff is the owner of a vehicle required to be registered, it is hereby ordered and decreed that plaintiff's claim is barred by the Pennsylvania Motor Vehicle Financial Responsibility Act and finds in favor of defendants and against the plaintiff.