William C. Wagner, Erie, for appellant.

Eugene C. Sundberg, Jr., Erie, for appellee.

**Paul KAFANDO**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 23, 1997.

Filed Jan. 7, 1998.

Before TAMILIA, JOHNSON and BROSKY, JJ.

JOHNSON, Judge:

We are asked to determine whether Section 1714 of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1714, bars recovery of first party benefits to a "covered person" who is injured while a passenger in an insured motor vehicle where that claim-

ant, at the time of the accident, is the owner of an uninsured motor vehicle. The Honorable Michael T. Joyce granted judgment on the pleadings in favor of Paul Kafando, the claimant, and against State Farm Mutual Automobile Insurance Company (State Farm). We conclude that the deterrent purpose of Section 1714 is not advanced by withholding benefits from a party who owns an uninsured motor vehicle but who is nevertheless injured while riding as a passenger in an insured vehicle. We hold that Section 1714 does not apply to Paul Kafando because he was not operating his own uninsured vehicle at the time of the accident. Accordingly, we affirm the order that granted Kafando judgment on the pleadings.

The facts are not in dispute. On June 10, 1993, Kafando was involved in an accident while a passenger in his wife's motor vehicle. On that date, the wife's vehicle was insured by State Farm. Kafando sustained injuries as a result of the accident and brought suit against State Farm to recover first party medical benefits from State Farm. On the date of the accident, Kafando was the record owner of another motor vehicle which had been given to him and which was inoperable at the time of the accident. In its answer to Kafando's suit, State Farm claimed that Kafando was not entitled to first party medical benefits from his wife's insurance policy because he owned a registered, uninsured motor vehicle in this Commonwealth on the date of his accident.

On appeal, State Farm presents one, narrow issue:

> Whether the lower court erred in ruling Paul Kafando, an owner of an uninsured, registered motor vehicle, was entitled to first party medical benefits notwithstanding the language of 75 Pa.C.S.A. § 1714 [that] provides an owner of a currently registered motor vehicle who does not have financial responsibility cannot recover first party benefits?

Brief for the Appellant at 3.

Section 1714 of the Vehicle Code provides, in its entirety:

> An owner of a currently registered motor vehicle who does not have financial responsibility or an operator or occupant

of a recreational vehicle not intended for highway use, motorcycle, motor-driven cycle, motorized pedalcycle or like type vehicle required to be registered under this title cannot recover first party benefits.

75 Pa.C.S. § 1714.

■ Our standard and scope of review in matters involving the grant or denial of judgment on the pleadings has been set forth by this Court as follows:

> [Appellate review of an order granting a motion for judgment on the pleadings] is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted. Further, the court may grant judgment on the pleadings only where the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise.

*Steiner v. Bell of Pennsylvania,* 426 Pa.Super. 84, 87–88, 626 A.2d 584, 586 (1993). (Citations and footnote omitted). We must determine if the trial court's action was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury. *Kelly v. Nationwide Insurance Company,* 414 Pa.Super. 6, 10, 606 A.2d 470, 471 (1992).

With these principles in mind, we have carefully reviewed the briefs of the parties and the certified record. We find that there are no factual issues that should properly go to the jury. Our review is therefore limited to determining whether the trial court committed a clear error of law.

State Farm relies heavily on *Kresge v. Keystone Insurance Company,* 389 Pa.Super. 548, 567 A.2d 739 (1989) and *Allen v. Erie Insurance Company,* 369 Pa.Super. 6, 534 A.2d 839 (1987) for its argument that the unambiguous language of § 1714 bars an owner of a currently uninsured motor vehicle

from recovering first party benefits. However, both of those cases were decided before our supreme court considered a very similar issue in *Henrich v. Harleysville Insurance Companies,* 533 Pa. 181, 620 A.2d 1122 (1993). In *Henrich,* the claimant was a "covered person" under her father's motor vehicle insurance policy. She was injured while riding in a friend's uninsured vehicle. At the time, she was also the owner of a vehicle that was not insured. Her father's carrier, Harleysville, denied uninsured motorist's benefits to her, arguing that such benefits were barred by the strict language contained in § 1714. In affirming the decision of this Court, which had reversed the trial court's entry of judgment on the pleadings in favor of the insurer, our supreme court stated:

> The MVFRL [Motor Vehicle Financial Responsibility Law] replaced the former "no-fault" statute, P.L. 489, No. 176 (1974). The MVFRL was designed to deter people from failing to insure their vehicles more forcefully than the prior statute. This is the purpose of Section 1714. If [the claimant] had been injured while operating her own uninsured but registered motor vehicle, we can see how it could at least be argued that the deterrent purpose of Section 1714 might be applied to her so as to prevent her from recovering under her father's insurance policy. However, those are not the facts in the instant case (and we express no opinion as to how we would decide this case if they were). Here, [the claimant] was hurt while a passenger in her friend's uninsured motor vehicle. It is hard to see how punishing a person like [the claimant] or the threat of punishing her, would deter someone like her driver, an unrelated third party, from neglecting to procure auto insurance. Likewise, it is draconian to punish [the claimant] for failure to insure her own car when she was not injured in it or hurt by it. Indeed, she was not even driving it. We cannot attribute either such unrealistic or harsh motives to the legislature unless they were clearly spelled out. We hold that Section 1714 does not apply to [the claimant] because she was not operating *her own* uninsured motor vehicle at the time of the

accident. For this reason, the decision of the Superior Court is affirmed.

*Id.* at 185, 620 A.2d at 1124 (emphasis in original) (footnote omitted). This Court has more recently held that a claimant was not limited to a limited tort option under the same Motor Vehicle Financial Responsibility Law, § 1705(a)(5), by virtue of owning an uninsured vehicle, where the claimant was not operating his uninsured vehicle at the time of the accident. *Berger v. Rinaldi,* 438 Pa.Super. 78, 651 A.2d 553 (1994).

While neither party to this appeal has cited to the case of *Mowery v. Prudential Property & Casualty Insurance Company,* 369 Pa.Super. 494, 535 A.2d 658 (1988), we recognize that this pre-*Henrich* decision of this Court would appear to be in conflict. In *Mowery,* we were called upon to consider the constitutionality of § 1714 where, as here, the party claiming first party benefits owned a vehicle that was not insured but sustained injuries while a passenger in an insured motor vehicle. There, we held that the statute did not deny the passenger equal protection even though her uninsured vehicle was in no way involved in the accident. *Id.* at 502, 535 A.2d at 663. We declined to limit the phrase "registered motor vehicle" to a vehicle involved in an accident or incident which triggers the individual's claim for first party benefits. *Id.* at 503, 535 A.2d at 663. However, this is precisely what our supreme court held in *Henrich v. Harleysville Insurance Companies, supra,* some five years after this Court's decision in *Mowery.* This is also the interpretation accepted by this Court in *Berger v. Rinaldi, supra.* Once our supreme court declares, as it did in *Henrich,* that "Section 1714 does not apply to [the claimant] because she was not operating her own uninsured motor vehicle at the time of the accident", we are bound by that holding. "The formal purpose of the Superior Court is to maintain and effectuate the decisional law of this [Supreme] Court as faithfully as possible." *Commonwealth v. Dugger,* 506 Pa. 537, 545, 486 A.2d 382, 386 (1985), followed in *Commonwealth v. Pearson,* 454 Pa.Super. 313, 326, 685 A.2d 551, 557 (1996)(en banc).

We note that a panel of this Court has recently held that §§ 1714 and 1722, when

read together, prevent an owner who is injured while operating her own uninsured registered motor vehicle from recovering first party medical expenses. *McClung v. Breneman*, 700 A.2d 495 (Pa.Super.1997). This is the precise fact situation that our supreme court recognized and expressly declined to address in *Henrich, supra* at 185, 620 A.2d at 1124. We perceive no conflict in this Court addressing the very issue that our supreme court expressly reserved for review for another day. Because that issue, as decided in *McClung*, involves a set of facts distinct from those now before us, we have no difficulty in adhering to the law our supreme court has laid down in *Henrich*.

The distinguished trial judge, the Honorable John A. Bozza, P.J., in denying State Farm's earlier Motion for Judgment on the Pleadings, stated:

> The [Supreme] Court's reasoning [in *Henrich*] is directly applicable to the circumstances of the present case. Mr. Kafando was not injured while operating his own uninsured vehicle. He was riding as a passenger in a car owned by his wife and which was insured by State Farm [ ]. He has sought reimbursement for various medical expenses incurred as a result of his injuries, because he is a "covered person" under his wife's policy. Although Mr. Kafando admits that his 1979 Chevrolet was registered but not insured as of the time of the accident, *his* car had nothing to do with his present claim for insurance benefits. Indeed, his car was not operable at the time of the accident.
>
> It is difficult to believe that the legislature intended to deny medical benefits to a person injured while riding in someone else's car solely because he owned a car which was not insured. Mr. Kafando's wife's policy included him as a "covered person" solely because he became a member of her household. The Supreme Court's conclusions [in *Henrich*] must be applied to the circumstances in this case in order to avoid a result which would obviously be inconsistent with legislative intent and the policy underlying the Motor Vehicle Financial Responsibility Law.

Opinion, Bozza, P.J., filed March 5, 1996 at 4–5 (emphasis in original).

This is an error correcting court. We find no error in the reasoning and decision of the distinguished trial judge. Accordingly, we must affirm the order that granted Kafando's Motion for Judgment on the Pleadings, and that found State Farm's pending Motion for Summary Judgment to have been rendered moot.

Order of April 27, 1997 granting Judgment on the Pleadings to Paul Kafando, Plaintiff, is **AFFIRMED.**