Wayne **SWORDS** and Bernell Swords, Appellees,

v.

**HARLEYSVILLE INSURANCE COMPANIES, Appellant.**

Superior Court of Pennsylvania.

Argued June 23, 2003.
Filed Aug. 19, 2003.

Robert E. Kelly, Harrisburg, for appellant.

Christian E. Eaby, Lancaster, for appellees.

BEFORE: DEL SOLE, P.J., JOHNSON, HUDOCK, MUSMANNO, LALLY–GREEN, KLEIN, BENDER, BOWES and GRACI, JJ.

OPINION BY KLEIN, J.:

■ ¶ 1 Wayne Swords owned a registered but uninsured automobile. Swords was involved in an accident while driving a car owned by his father and insured by Pennland, a company related to the Harleysville Insurance Companies.[1] He sued for medical benefits and lost wages under 75 Pa.C.S.A § 1712.[2] The trial court allowed the benefits. We reverse and remand to the trial court for the entry of a declaration in favor of Harleysville.[3]

1. Although Pennland Insurance Company rather than Harleysville Insurance Companies was the insurer of the vehicle in question, for the purposes of this appeal, we will refer to the Appellant as Harleysville.

2. We note that these benefits are sometimes referred to as "first-party" benefits. Uninsured and underinsured motorists benefits (UM, UIM) are also often referred to as "first-party" benefits in that they primarily benefit the insured. UM and UIM benefits, however, are not first-party benefits under Sub–Chapter B of the MVFRL, 75 Pa.C.S. §§ 1711–1725. 75 Pa.S.C.A. 1702 specifically defines "benefits" or "first party benefits" as medical benefits, income loss benefits, accidental death benefits and funeral benefits. Extraordinary medical benefits are also included in section 1712. For ease we will refer to these statutory benefits as "medical and wage loss benefits."

3. The case comes to us as an appeal from an order of the Court of Common Pleas of Lancaster County granting partial summary judgment in a declaratory judgment action. After Harleysville denied Swords' claim, Swords filed a declaratory judgment action, seeking, among other things, a declaration that Harleysville owed him coverage for medical and wage loss benefits. The trial court order of December 28, 2001 granted partial summary judgment in favor of Wayne Swords and Bernell Swords, and Harleysville appealed. Since the December 28, 2001 order declared the rights of the parties regarding coverage and the payment of medical and wage loss benefits under the subject policy, we find the order was final and immediately appealable. See Pa.R.A.P. 341(b)(2) (provides an appeal may be taken as of right from "any order that is expressly defined as a final order by statute"). The Declaratory Judgment Act pro-

¶2 In finding that Harleysville owed an obligation to Swords to provide medical and wage loss benefits, the trial court relied on *Kafando v. State Farm Mutual Auto. Insurance Company,* 704 A.2d 675 (Pa.Super.1998). *Kafando,* in turn, based its decision on language in *Henrich v. Harleysville Insurance Companies,* 533 Pa. 181, 620 A.2d 1122 (1993). On review, we believe *Kafando* misinterpreted *Henrich* and conflicts with several other published cases. The statute and the cases compel the result that an owner of a registered but uninsured car cannot recover medical and wage loss benefits under 75 Pa.C.S.A. § 1712 from *anyone's* policy. Therefore, we reverse the trial court, and, of necessity, overrule the holding in *Kafando.*

¶3 *Henrich* applies only to *uninsured and underinsured motorists benefits.* It leaves intact this Court's cases holding that because the legislative language is clear, an owner of an uninsured vehicle is precluded from recovering medical and wage loss benefits under *any* circumstances.

■ ¶4 Section 1714 of the Motor Vehicle Financial Responsibility Law (MVFRL) provides: "An owner of a currently registered motor vehicle who does not have financial responsibility . . . cannot recover first-party benefits."[4] 75 Pa.C.S. § 1714. It would not have been necessary to include this language if the General Assembly did not intend to preclude recovery from some *other* policy, since one cannot recover medical and wage loss benefits from one's own policy that does not exist.

¶5 Because *Henrich* only refers to uninsured motorist's coverage, any discussion of medical and wage loss benefits is *dictum.* In addition, what *Henrich* held was that no benefits would be presumed to be taken away by the legislature *"unless they were clearly spelled out."* 620 A.2d at 1124. A line of Pennsylvania Superior Court cases have held that the legislative language is clear and states that an owner of an uninsured car is precluded from receiving *any* medical and wage loss benefits, without any exceptions. *See Kresge v. Keystone Ins. Co.,* 389 Pa.Super. 548, 567 A.2d 739 (1989); *DeMichele v. Erie Ins. Exch.,* 385 Pa.Super. 634, 561 A.2d 1271 (1989); *Mowery v. Prudential Prop. & Cas. Ins.,* 369 Pa.Super. 494, 535 A.2d 658 (1988); *Allen v. Erie Ins. Co.,* 369 Pa.Super. 6, 534 A.2d 839 (1987).

¶6 These cases all hold that the language of section 1714 *is* clear and deprives the owner of a registered but uninsured vehicle of *any* medical and wage loss benefits. This includes benefits when an owner of an uninsured car is a passenger in an insured car or even benefits when the uninsured car is inoperable and has been

vides that declarations of rights under a contract "have the force and effect of a final judgment or decree." 42 Pa.C.S. § 7532. The order in this case does not dispose of all claims and all parties, nor does it determine issues of indemnification in a specific amount. However, as it does determine the duty to indemnify in the event of liability, it is still final and appealable. *See Nationwide Mutual Ins. Co. v. Wickett,* 563 Pa. 595, 763 A.2d 813 (2000) (finding that an order that affirmatively or negatively declares the rights of the parties constitutes an immediately appealable order under Pa.R.A.P. 341(b)(2) and the Declaratory Judgment Act, notwithstand-

ing the fact that the order does not dispose of all claims); *General Accident Ins. Co. of Am. v. Allen,* 547 Pa. 693, 692 A.2d 1089 (1997) (finding that a trial court's ruling under the Declaratory Judgments Act that a sexual assault complaint of a grandchild against her grandfather triggered coverage under the grandfather's homeowner's policy is final and appealable).

4. As noted, these are the statutorily defined "first-party benefits" and do not include UM and UIM benefits.

junked. Regardless of whether this is a harsh result, it is mandated by the unambiguous language of the legislature.

¶ 7 A closer view confirms this:

1. A line of cases correctly holds the section of the statute is clear: If someone owns a registered but uninsured car, that person cannot get *medical and wage loss benefits* under *any* circumstances whatsoever.

2. In *Henrich*, it is true that in strong language the Supreme Court holds that the owner of a registered but uninsured car *can* recover Uninsured Motorists/Underinsured Motorists (UM/UIM) benefits if he or she is a passenger in an insured car. In *Henrich*, the Supreme Court held that it would not attribute harsh motives to deprive one of benefits to the legislature, "unless they were clearly spelled out." 620 A.2d at 1124. The legislature did not spell out that UM/UIM benefits were not to be paid to owners of registered but uninsured cars. Therefore, recovery of UM and UIM benefits is not precluded.

3. The language in *Henrich* does carve out an exception if the preclusion of benefits is "clearly spelled out." We agree with several cases of this Court that have held that the preclusion of medical and wage loss benefits is "clearly spelled out."

¶ 8 Looking to the statute, section 1714 provides: "An owner of a currently registered motor vehicle who does not have financial responsibility ... cannot recover first-party benefits." 75 Pa.C.S.A. § 1714. This can only mean that the owners of uninsured cars are precluded from recovering medical and wage loss benefits when in someone else's car. Owners could not recover when driving their own car, since no insurance policy exists for that car.

¶ 9 Looking further into the Pennsylvania Supreme Court's opinion, the strongest language in *Henrich* does *not* indicate that owners of uninsured vehicles can recover medical and wage loss benefits when in an insured car. In fact, it stands for the opposite principle—they are *not* covered for medical and wage loss benefits. The language is:

> Likewise, it is draconian to punish Ms. Henrich for failure to insure her own car when she was not injured in it or hurt by it. Indeed, she was not even driving it. We cannot attribute either such unrealistic or harsh motives to the legislature *unless they were clearly spelled out.*

*Henrich*, 620 A.2d at 1124 (emphasis added).

¶ 10 It *was* "clearly spelled out" in section 1714 that if one does not have insurance on their owned and registered vehicle, they are precluded from recovering *any* medical and wage loss benefits.

¶ 11 The language of the statute provides no exception allowing an owner of an uninsured vehicle to recover medical and wage loss benefits if a passenger in another's vehicle. Likewise, there is no exception to allow the recovery of medical benefits in excess of $5,000.[5] Plain and simple, the legislation states a person who does not have insurance on a vehicle that they own cannot recover any medical and wage loss benefits.

¶ 12 As noted above, a number of cases hold that there is no exception. It should be noted that the cases cited were all decided before the 1990 amendments to the MVFRL. However, section 1714 has not been changed since 1984. Therefore, at the time of the 1990 amendments, the legislature was fully aware of the court's interpretation of that section yet made no

---

5. *See Bryant v. Reddy,* 793 A.2d 926 (Pa.Super.2002).

changes to it. If the legislature had any disagreement with the notion that the owner of a registered uninsured vehicle is not entitled to receive *any* medical and wage loss benefits, it could well have changed the language of section 1714 to reflect that disagreement. The cases that have long held that section 1714 permits no exception include the following.

¶ 13 In *Allen v. Erie Insurance Company*, 369 Pa.Super. 6, 534 A.2d 839 (1987), we rejected a claim that if one was not driving his or her uninsured vehicle, but instead was a passenger in someone else's insured car, he or she could recover medical and wage loss benefits.

¶ 14 In *Mowery v. Prudential Prop. & Cas. Ins.*, 369 Pa.Super. 494, 535 A.2d 658 (1988), this Court rejected a claim that a reasonable interpretation of the reference to "registered motor vehicle" would be to limit the phrase to an accident when the uninsured vehicle was involved.

¶ 15 In *DeMichele v. Erie Ins. Exchange*, 385 Pa.Super. 634, 561 A.2d 1271 (1989), this Court followed *Mowery*, saying, "The statute was created to ensure that one may not receive medical and wage loss benefits unless he has the ability to provide them to another. To enforce this desired result, the statute clearly requires that the owner of a registered vehicle insure the vehicle before he may be considered eligible for first-party benefits." *Id.* at 1273.

¶ 16 In *Kresge v. Keystone Insurance Company*, 389 Pa.Super. 548, 567 A.2d 739 (1989), the panel pointed to the clear language of section 1714 in holding that Kresge, an owner of an uninsured car, could not recover medical and wage loss benefits when a passenger in an insured car, although her car was inoperable and had been taken to a junkyard. Unfortunately for Kresge, she still had the car registered in her name. The panel cited a number of cases and declared the principle that:

> Section 1714 is free from *all* ambiguity; the conspicuous absence of *any* exceptions must be deemed to have been intentional; and, *in order to be eligible to receive first-party benefits a person must have the required insurance on any and every vehicle currently registered in that person's name in Pennsylvania at the time of the accident in question.* The suggestion of an unwritten but purportedly intended exception to the unambiguous terms of Section 1714 is no more tenable here than were the similar suggestions soundly rejected in *DeMichele, Mowery* and *Allen.*

*Id.* at 740 (emphasis added).

¶ 17 Even after the Supreme Court's decision in *Henrich*, other published panel opinions of this Court continued to apply those aspects of section 1714 to bar claims by individuals who seek recovery of *medical and wage loss benefits* but have failed to maintain financial responsibility coverage for all of their registered vehicles. For example, in *McClung v. Breneman*, 700 A.2d 495 (Pa.Super.1997), we stated, "Where owners of registered motor vehicles do not have financial responsibility, they cannot recover first-party benefits, including medical bills." *Id.* at 497 (citations omitted).

¶ 18 Recently, a decision of this Court rejected another attempt by an owner of a registered but uninsured vehicle to recover medical and wage loss benefits. *See Bryant v. Reddy*, 793 A.2d 926 (Pa.Super.2002).

¶ 19 Therefore, the import of *Henrich* is that one should not generally assume the legislative direction is to take away benefits. However, the legislature does have the power to take away benefits if the language is clear. We agree with the numerous panel decisions of this Court

that section 1714 is clear and takes away medical and wage loss benefits under all circumstances for one who owns a registered but uninsured vehicle. The indication to the contrary in *Kafando* misinterprets *Henrich*.

¶ 20 Finally, we note support for our interpretation in 75 Pa.C.S. §§ 1702, 1712 and 1713. Section 1702 defines "'benefits' or 'first party benefits'" and excludes uninsured and underinsured motorists insurance. Section 1712 describes the benefits available and also does not include uninsured nor underinsured motorist benefits as meeting the definition of first party benefits as set forth therein. Thus, the ineligibility provisions of section 1714 which do not permit the recovery of "first party benefits" to the owner of a registered, uninsured vehicle excludes medical and wage loss benefits but do not apply to UM and UIM benefits discussed in *Henrich*.

¶ 21 We also observe that this interpretation is consistent with the legislative intent regarding priority of recovery. *See* 75 Pa.C.S. § 1713. It is clear from reading this section that the legislature intended first party benefits to properly follow the person and not the vehicle. The first priority of recovery (*see* section 1713(a)(1)) is from one's own policy, no matter what vehicle the injured person was occupying at the time of the accident. Reading this section alongside section 1714 it becomes apparent that the legislature has chosen to make an individual in Appellee's position, who elects to register but not insure their own vehicle, ineligible for these first party benefits as a result of his or her failure to obtain financial responsibility. Basically, the legislature has informed us that a person who fails to provide for his or her own first party benefits should not be receiving those same benefits from someone else.

¶ 22 Order reversed. Remanded to the trial court for entry of a judgment in favor of Harleysville Insurance Companies and against Wayne Swords and Bernell Swords. Jurisdiction relinquished.