**David V. SANTORELLA, Jr.**

v.

**DONEGAL MUTUAL INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 14, 2006.

Filed July 31, 2006.

Scott A. Millhouse, Pittsburgh, for appellant.

Joyce Novotny–Prettiman, Greensburg, for appellee.

BEFORE: FORD ELLIOTT, P.J., DEL SOLE, P.J.E., and JOYCE, J.

OPINION BY FORD ELLIOTT, P.J.:

¶ 1 In these appeals, we are asked to decide whether the trial court erred when it granted David Santorella's ("son's") motion for summary judgment and denied Donegal Mutual Insurance Company's ("insurer's") motion for summary judgment.[1] We reverse both orders and therefore enter summary judgment in favor of insurer.

¶ 2 The facts of this case are not in dispute. Son, who previously lived in Pennsylvania, moved to California in the summer of 2003, where he purchased a sports car, which he registered in that state. In the fall of 2003, son returned to Pennsylvania to live with his parents. Son allowed the insurance on his sports car to lapse because he did not plan to drive it during the winter months. Son did not register the sports car in Pennsylvania.

¶ 3 On January 30, 2004, son was injured in an accident in Pennsylvania while riding as a passenger in a motor vehicle owned by a third party. Son sought first-party benefits from insurer, who insured parents' vehicles and provided first-party insurance coverage for any member of parents' household. Insurer denied coverage because son owned a registered, uninsured motor vehicle, the sports car.

¶ 4 Son filed a complaint against insurer seeking to recover first-party benefits. Both parties filed motions for summary judgment. The trial court denied insurer's motion and granted son's motion. These timely appeals followed, in which insurer raises the following issue: "Whether the court below erred when it decided that [son] is entitled to recover first party benefits despite his failure to provide financial responsibility for the automobile which he owned." (Appellant's brief at 2.)

¶ 5 "When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery." *Swords v. Harleysville Ins. Companies* ("*Swords II*"), 584 Pa. 382, 389–390, 883 A.2d 562, 566 (2005) (citation omitted). "A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law." *Id.* at 390, 883 A.2d at 566. "In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Id.* at 390, 883 A.2d at 566–567. "Finally, the court may grant summary judgment only when the right to such a judgment is clear and free from doubt." *Id.* at 390, 883 A.2d at 567 (citation omitted). "An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion." *Id.* (citation omitted). "Whether the MVFRL precludes owners of registered but uninsured vehicles from recovering first-party benefits is a question of law; accordingly, our standard of review is *de*

1. The trial court entered an order on June 23, 2005, denying insurer's motion but not addressing son's motion. Thereafter, the court entered an order July 13, 2005, granting son's motion. Insurer appeals from both orders; hence the two appeals.

**536**

*novo."* *Id.* (citation omitted). "Our scope of review, to the extent necessary to resolve the legal question before us, is plenary." *Id.* (citation omitted).

■ ¶ 6 The disposition of insurer's issue requires us to interpret § 1714 of the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S.A. § 1714. That section is found in Part II. Title, Registration and Licensing, Chapter 17. Financial Responsibility, Subchapter B. Motor Vehicle Liability Insurance First Party Benefits, and is entitled "Ineligible claimants." It provides: "An owner of a currently registered motor vehicle who does not have financial responsibility or an operator or occupant of a recreational vehicle not intended for highway use, motorcycle, motor-driven cycle, motorized pedalcycle or like type vehicle required to be registered under this title cannot recover first party benefits." 75 Pa.C.S.A. § 1714. Section 1702 defines first-party benefits as "[m]edical benefits, income loss benefits, accidental death benefits and funeral benefits." 75 Pa.C.S.A. § 1702. Definitions.

¶ 7 The pivotal question in this case, therefore, is whether son's sports car was a registered vehicle for purposes of § 1714. Insurer argues that it was registered because son registered the vehicle in California, and § 1714 does not include language limiting the financial responsibility requirement to those vehicles registered in Pennsylvania.

¶ 8 It is undisputed that at the time of the accident, son owned a sports car, registered in California. Son concedes that at the time of the accident he had relocated to Pennsylvania. If son intended to drive his car in Pennsylvania, he was required to have it properly registered in this Commonwealth pursuant to Chapter 13 of the

Pennsylvania MVFRL: 1) registration is the authority for a vehicle to operate on a highway as evidenced by the issuance of an identifying card and plate or plates, pursuant to § 102; 2) when son returned to Pennsylvania, § 1312 required him to notify the Department of Transportation of his old and new addresses and the vehicle(s) registered in his name if he intended to drive the sports car in Pennsylvania; and 3) his vehicle was not exempt from the registration requirements of § 1301 of the Vehicle Code, which exempts non-resident vehicles from the registration requirements, because he was a resident of Pennsylvania, living with his parents, after he returned from California.

¶ 9 Son explains, however, that it was not necessary for him to register his vehicle in Pennsylvania because he did not intend to drive or move the sports car upon any highway in Pennsylvania for several months after his return, pursuant to § 102 and, particularly, § 1301, which requires that "[n]o person shall drive or move ... upon any highway any vehicle which is not registered in this Commonwealth unless the vehicle is exempt from registration." 75 Pa.C.S.A. § 1301.

¶ 10 We understand and appreciate the logic of son's argument. We are also mindful of the trial court's determination that because § 1711 of the MVFRL only requires insurers to provide first-party benefit coverage when issuing or delivering liability insurance policies covering any motor vehicle of the type required to be registered under this title that is registered and operated in the Commonwealth of Pennsylvania, likewise, the Legislature intended that § 1714 apply only to vehicles registered in this Commonwealth. *See* 75 Pa.C.S.A. § 1711.[2] We believe,

<hr/>

2. The trial court opined that registration in California did not trigger application of

§ 1714, or, in the alternative, that the record is "devoid of any submission that the Califor-

however, that both the trial court and son erred in relying on the specific language of § 1711 to interpret § 1714, as the two sections serve very different purposes.

¶ 11 The trial court relied on *Pugh v. Government Employees Ins. Co.*, 380 Pa.Super. 606, 552 A.2d 708 (1989). (*See* trial court opinion, 6/23/05 at 5.)[3] The *Pugh* panel held that "there are two requirements for determining an insured's entitlement to recover first party benefits: (1) the insured vehicle must be a vehicle of the type required to be registered, such as an automobile, and (2) the insured vehicle must actually be registered in the Commonwealth." *Pugh*, 552 A.2d at 709–710. Continuing, the *Pugh* panel opined, "Since the insured vehicle in the instant case was not registered in Pennsylvania, the appellant is not obligated to pay first party benefits to appellee under the Pennsylvania Motor Vehicle Financial Responsibility Law." *Id.* at 710.

¶ 12 We find *Pugh* and § 1711, inapposite, however, because they address an insurer's duty to *issue policies* providing first-party benefits to insureds whose vehicles are registered in this Commonwealth. Pennsylvania law cannot, for obvious rea-

sons, mandate the types of coverage insurers must provide in policies issued in other jurisdictions. Additionally, unlike § 1711, which unambiguously limits its application to vehicles that are registered in this Commonwealth, § 1714 contains no such explicit limitation.[4]

¶ 13 We also recognize that a prior panel of this court read into § 1714 the very limitation son argues and the trial court found in this case; namely, that *"in order to be eligible to receive first party benefits a person must have the required insurance on any and every vehicle currently registered in that person's name in Pennsylvania at the time of the accident in question." Kresge v. Keystone Ins. Co.*, 389 Pa.Super. 548, 567 A.2d 739, 740 (1989) (emphasis in *Kresge*). In *Kresge*, the vehicle in question was registered in Pennsylvania as a matter of fact. An *en banc* panel of this court quoted the emphasized language in *Kresge* with approval in *Swords v. Harleysville Ins. Companies* ("*Swords I*"), 831 A.2d 641, 645 (Pa.Super.2003) (*en banc*), *affirmed in part and vacated in part*, 584 Pa. 382, 883 A.2d 562 (2005). Our supreme court then quoted

---

nia registration was in effect on the date of the accident." (Trial court opinion, 6/23/05 at 5.) Son averred in his motion for summary judgment, however, that "At the time of the accident, [son] was an owner of a vehicle which was registered in the State of California." (Plaintiff's motion for summary judgment, 5/11/05 at 1, R. at 9.)

3. In *Pugh*, a panel of this court interpreted § 1711 in the context of a vehicle that was owned by a Maryland resident and registered and insured in Maryland under Maryland's No–Fault Act. The owner/driver of the vehicle was injured while driving his vehicle in Pennsylvania. After driver's insurer paid him first-party benefits pursuant to Maryland law, driver sought additional first-party benefits from his insurer pursuant to Pennsylvania's MVFRL, which provided greater benefits.

4. At the time *Pugh* was decided, the relevant language of § 1711 provided:

> **§ 1711. Required benefits**
> **(a) Medical benefit.**—An insurer issuing or delivering liability insurance policies covering any motor vehicle of the type required to be registered under this title, except recreational vehicles not intended for highway use, motorcycles, motor-driven cycles or motorized pedalcycles or like type vehicles, *registered and operated in this Commonwealth*, shall include coverage providing a medical benefit in the amount of $10,000, [a]n income loss benefit up to a monthly maximum of $1,000.00 up to a maximum benefit of $5,000.00 and a funeral benefit in the amount of $1,500.00 . . . .

*Pugh*, 552 A.2d at 709, quoting 75 Pa.C.S.A. § 1711(a) (emphasis in *Pugh*).

the *en banc* panel's citation to *Kresge* in *Swords II, supra* at 388, 883 A.2d at 565. (*See* trial court opinion, 6/23/05 at 5.)

¶ 14 The courts in each of these cases concluded nonetheless that "[t]here is no ambiguity in Section 1714 as it relates to eligibility for first-party benefits." *Id.* at 392, 883 A.2d at 568. *See also Swords I*, 831 A.2d at 644 (observing that the language of § 1714 provides no exception for owners of uninsured vehicles who are passengers in another's vehicle); *Kresge*, 567 A.2d at 741 (opining, "By the clear and unambiguous terms of Section 1714, the *only* way a vehicle owner can be absolved of the responsibility to insure a vehicle registered in that person's name, whether or not the vehicle remains operable or even in that person's possession, is to have registration of the vehicle properly terminated or transferred[ ]") (emphasis in *Kresge*) (citations to statute omitted). As the *Swords II* court continued, "We, therefore, hold that Section 1714 of the MVFRL clearly and unambiguously renders an owner of a currently registered motor vehicle ineligible to recover first-party benefits when the owner fails to meet the requirements of financial responsibility as detailed in the MVFRL." *Swords II, supra* at 392, 883 A.2d at 568.

¶ 15 Interpreting § 1702, defining financial responsibility, together with § 1714, the *Swords II* court observed:

> [W]hen the definition of 'financial responsibility' is read into Section 1714, in order for a claimant to be ineligible to receive first-party benefits, he or she must be an owner of a *currently registered motor vehicle* who does not have the ability to respond in damages for liability on account of accidents arising out of the maintenance or use of a motor vehicle in the appropriate amounts delineated by the Law. Moreover, an owner's financial responsibility must be in a form

acceptable to the Department of Transportation.

*Id.* (emphasis added).

¶ 16 As the *Swords II* court recognized:
> The General Assembly did not qualify this preclusion by limiting its reach to situations in which an owner of a registered but uninsured vehicle is in an accident involving his or her uninsured vehicle, and we are not at liberty to add such a qualification in the face of the clear and unambiguous words of Section 1714.

*Id.* In view of the underlying purposes of § 1714, we do not believe that our supreme court would have us read into § 1714 the qualification that a vehicle be currently registered in Pennsylvania "in the face of the clear and unambiguous words of Section 1714." *Swords II, supra* at 392, 883 A.2d at 568.

¶ 17 We find further support for our conclusion in *Kresge, supra.* In *Kresge*, a panel of this court addressed a situation in which a young woman was seriously injured while riding as a passenger in a vehicle insured by defendant Keystone Insurance Company. Kresge had taken her uninsured vehicle to a junk yard but had not terminated or transferred its registration. The *Kresge* panel found that § 1714 precluded Kresge from receiving first-party benefits coverage, reasoning:

> Our current financial responsibility requirements are premised on a belief that the expense of automobile liability insurance to the premium paying public throughout Pennsylvania would be reduced and be more fairly distributed by implementing legislative measures including Section 1714, designed to reduce the number of uninsured motorists consuming the benefits of liability insurance without contributing toward their expense. The exceptions suggested here . . . could foreseeably all but eliminate the intended benefits of the statute by

rendering it problematically ambiguous, and by providing limitless opportunities for fraud. Two considerable difficulties are immediately apparent. First, what degree of inoperability or degree of dispossession would be required to bring a case within the suggested exceptions? Second, how would an insurance company know, let alon[e] prove, when possession was transferred or when a car became inoperable? The expense of the litigation spawned by such ambiguities and opportunities alone could remove the desired economic benefit—not to mention the expense attributable to the premium avoidance which would result. Fortunately, our legislature has included no such ambiguities, and has provided no such opportunities for fraudulent non-premium paying claimants to reach through such holes in insurance companies' mythical 'deep pockets' to steal from the premium paying public.

*Kresge,* 567 A.2d at 740–741.

¶ 18 We recognize that neither *Swords II* nor *Kresge* is directly on point; however, they both speak to the clear, unambiguous language of § 1714, which allows of no exception not specifically contained therein. Because the word "registered" is not qualified by the words "in this Commonwealth" in the statute, we, like the courts that have come before us, refuse to read into the section an exception it does not explicitly declare, especially one that would limit its very purpose. As the *Swords II* court noted:

> Appellants suggest that not allowing [Swords] and owners like him to recover first-party benefits is unduly harsh when such owners decide to leave their uninsured vehicles at home, choosing instead to drive properly insured vehicles. While the preclusion set forth in Section 1714 may be harsh, so long as legislation is constitutional, it is the prerogative of the Legislature to employ harsh consequences in order to accomplish the policy behind the legislation. 'Such policy determinations ... are within the exclusive purview of the legislature, and it would be a gross violation of the separation of powers doctrine for us to intrude into that arena.' *Glenn Johnston, Inc. v. Commonwealth of Pennsylvania, Department of Revenue,* 556 Pa. 22, 726 A.2d 384, 388 (1999) (citation omitted).

*Swords II, supra* at 395 n. 7, 883 A.2d at 570 n. 7.

¶ 19 Having found that son was ineligible for first-party benefits pursuant to the plain language of § 1714, we need not decide whether the provision in insurer's policy, excluding first-party benefit coverage for owners of registered motor vehicles who do not have financial responsibility, operates to deny son first-party benefit coverage in this case.

¶ 20 Order granting summary judgment to son reversed; order denying summary judgment to insurer reversed. Summary judgment entered in favor of insurer. Jurisdiction is relinquished.

¶ 21 JOYCE, J. files a Concurring Opinion.

CONCURRING OPINION BY JOYCE, J.

¶ 1 I concur in the result reached by the Majority, but am constrained to write separately.

¶ 2 As the Majority correctly notes, § 1714 states that the owner of a currently registered motor vehicle who does not have financial responsibility cannot recover first party benefits. Our Supreme Court has determined that the bar against recovery of first party benefits applies to the owner of an uninsured registered vehicle, even when the owner is injured in a non-owned vehicle that is insured. *Swords v.*

*Harleysville Ins. Companies*, 584 Pa. 382, 883 A.2d 562 (2005).[5]

¶ 3 Section 1714 does not distinguish between vehicles registered in Pennsylvania or California, where son's vehicle was registered. It is up to the Legislature to determine whether there should be a distinction between owners of vehicles registered in Pennsylvania and vehicles registered elsewhere. Absent such a legislative pronouncement, there is no basis for reaching any conclusion other than that § 1714 bars recovery of first party benefits by owners of vehicles registered outside of Pennsylvania, as well as those registered in this jurisdiction.[6]

¶ 4 In its opinion, the Majority also states: "If son intended to drive his car in Pennsylvania, he was required to have it properly registered in this Commonwealth pursuant to Chapter 13 of the Pennsylvania [Vehicle Code]". Majority Opinion at ¶ 8. I do not take issue with that pronouncement. However, the Majority cites § 1312 of the Vehicle Code as authority for the requirement that son notify the Department of Transportation of his old and new address.[7] Section 1312 does not note any distinction between persons whose vehicles are already registered in Pennsylvania and those who are newly-arrived Pennsylvania residents with vehicles previously registered in other jurisdictions. A literal interpretation of this provision would find son in compliance with § 1312 by simply providing his old and new addresses along with his California registration information to the Department of Transportation, while not actually obtaining a Pennsylvania registration. Clearly, that is not a rational interpretation of § 1312. However, absent a separate provision providing instruction for vehicle owners who move to this Commonwealth, § 1312 is the only applicable provision. This, again, is a matter for our Legislature.

¶ 5 I also note that the insurance policy at issue in this case clearly indicates that Donegal does not provide first party benefits to "[t]he owner of one or more registered 'motor vehicles', none of which have in effect the financial responsibility required by the Act[.]" (R. 44—Donegal First Party Benefits Coverage Endorsement—Exclusions A. 5a.) Son has failed to produce any evidence to reflect that his owned vehicle was not registered. He acknowledges that he allowed his California insurance policy to lapse. Because he is an owner of a registered vehicle for which financial responsibility was not in effect, he is precluded from recovering first party benefits not only by virtue of the *Swords* case, but also by the terms of the policy itself.

5. Unlike the case before us, the *Swords* case involved an uninsured vehicle that was registered in Pennsylvania.

6. Because the case *sub judice* involved a vehicle registered in another jurisdiction, and in light of our Supreme Court's ruling in the *Swords* case, *supra*, I find the Majority's citation to *Kresge v. Keystone Ins. Co.*, 389 Pa.Super. 548, 567 A.2d 739 (1989), which also involved an uninsured vehicle registered in the Commonwealth, superfluous. While the Majority intimates that the *Kresge* case was quoted in the *Swords* decision, the *Kresge* decision itself is not mentioned by name.

7. 75 Pa.C.S. § 1312 provides: "Any person whose address is changed from the address named in the application for registration or on the registration card or whose name is changed shall, within 15 days, notify the department in writing of the old and new address, or of such former and new names, and of the title or registration number of every vehicle registered in the person's name."